O. S. ECHOLS v. B. D. McKIE ET AL.

(Case No. 4303.)

1. TRESPASS TO TRY TITLE — PLEADING. — In trespass to try title, an answer to the merits admits for the purposes of the suit that the defendant is in possession of the land described in the petition, but cannot be construed into an admission that the land is included within the calls of the grant under which the plaintiff claims. Hence the latter fact must be established by evidence before the plaintiff can recover.
2. ESTOPPEL. — To constitute an estoppel, the act or statement must be shown to have had a direct influence upon the conduct of the party claiming its benefit; following Scoby v. Sweatt, 28 Tex., 731; Watson v. Hewitt, 45 Tex., 472, and Lewis v. Castleman, 27 Tex., 421.

APPEAL from Navarro. Tried below before the Hon. D. M. Prendergast.

Trespass to try title, brought by R. D. McKie et al. against appellants. Plaintiffs claimed that the land was embraced in the Rachael Leach grant, and derived title from Jacob Elliot, deceased, McKie suing as his executor, and the others as his legatees. The appellants claimed under the Everett grant, and answered by a special plea of estoppel, not guilty, and suggestion of improvements. Exceptions were sustained to the plea of estoppel, and appellants filed a trial amendment reasserting the facts claimed to constitute the estoppel, with some additions, and also denied that the land described in the petition was embraced in the Leach grant. Special exceptions were sustained to this amendment.

Verdict and judgment for the appellees.

The charge complained about was as follows: " The defendants, by their plea of not guilty, admit that they are in possession of the land claimed by the plaintiffs, and the plaintiffs having shown title in themselves to the land so claimed, and there being no other evidence in the case, you will find for the plaintiffs."

*Simkins & Simkins*, for appellants.

*Rice & McKie*, for appellee.

WATTS, J. COM. APP. — In their trial amendment appellants denied that the land described in appellees' petition was embraced in the Rachael Leach league, under which appellees claimed. This denial presented the issue of fact for determination, with the burden upon appellees to establish their claim. If the exceptions to that amendment which were sustained disposed of that part of the answer,

then the court erred to that extent in the ruling. The provision of the Revised Statutes to the effect that the plea of " not guilty," or any other answer to the merits, shall be taken as an admission of the defendant, for the purpose of that action, that he was in the possession of the premises sued for, unless he states in his answer the extent of his possession or claim, in which event it shall be an admission to that extent only, would not have the effect to destroy that part of the answer denying that the land sued for was embraced in the Leach grant. By giving that section of the statute the most liberal construction, it amounts to no more than this: that an answer to the merits admits, for the purposes of the suit, that the defendant is in possession of the land described in the plaintiff's petition. It is no admission whatever that the land thus described and sued for is included in the calls of any particular grant or other muniment of title.

There is no rule better established in our practice than that in suits of this character the plaintiff must recover, if at all, upon the strength of his own title. The burden is upon him to establish title to the particular land sued for. His assertion of title in pleading to the land described is not evidence that it is included in the calls of the grant under which he claims. This fact he must establish by evidence to entitle him to recover, unless it is admitted by the opposing party. As before remarked, the statute does not in language say, nor was it ever intended to be so understood, that answer to the merits was not only an admission that the defendant was in possession of the land sued for, but that such land was included in the grant under which the plaintiff claimed.

In the absence of a specific denial of possession by the defendant, the whole purpose was to dispense with the formal proof by the plaintiff of such possession, which had theretofore been required to entitle him to a recovery, notwithstanding the defendant had filed an answer to the merits.

By the charge of the court, the fact that appellants had filed a plea of " not guilty " is made to dispense with the necessity of appellees' proving that the land described in the petition was embraced in the grant to Rachael Leach, which is clearly not the law.

As a plea of estoppel, we think the appellants' answer and trial amendment fatally defective.

The rule is well settled, that when a person by his words or conduct wilfully causes another to believe in the existence of a certain state or condition of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from

averring against the latter a different state of things as existing at the same time.

But to constitute an estoppel, the act or statement must be shown to have had a direct or immediate influence upon the conduct of the party claiming its benefit. For only such persons as have acted on the faith of admissions, or against whom the subsequent assertion of the truth of the case would operate as a fraud, can insist upon the estoppel. Scoby v. Sweatt, 28 Tex., 731; Watson v. Hewitt, 45 Tex., 472; Lewis v. Castleman, 27 Tex., 421.

However cogent the facts asserted in these answers might be as evidence that the true line of the Leach survey was at the point as claimed by appellants, they do not constitute an equitable estoppel or an estoppel *in pais*.

There is no privity shown to constitute it an estoppel of record, even if the averments were sufficient in other respects.

We conclude that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted June 1, 1883.]