GENERAL AMERICAN OIL CO. OF TEXAS et al. v. GULF OIL CORPORATION.

No. 8980.

Court of Civil Appeals of Texas. Austin.

April 3, 1940.

Rehearing Denied May 1, 1940.

Lasseter, Simpson, Spruiell & Lowry, of Tyler, for appellant General American Oil Co. of Texas.

Gerald C. Mann, Atty. Gen., and Edgar Cale, Asst. Atty. Gen., for appellant Railroad Commission.

John E. Green, Jr., and Joe S. Brown, both of Houston, and Stanley Hornsby, of Austin, for appellee.

BAUGH, Justice.

This is a Rule 37 case. Appeal is from a temporary injunction restraining the General American Oil Company from producing oil from a second well already drilled, under a permit from the Railroad Commission on a 3.63-acre tract of land in the East Texas Oil Field in Rusk County.

The facts in the instant case are inseparably linked with the facts involved in Gulf Oil Corp. v. York, Tex.Civ.App., 134 S.W. 2d 502, writ dis C/J. A map of the tracts of land involved is shown at page 503 of the report of the York case, to which we refer.

It is undisputed that the two tracts shown—that is, the 3.63-acre General American Oil Company tract, as shown on the map referred to, and the 2.64-acre J. C. Hawkins lease adjoining it on the south, were voluntarily subdivided from the larger S. M. Williams tract to the east thereof after the discovery of oil in this area, and that these two tracts were by separate leases subsequently segregated from each other. The now well settled rule that such voluntary subdivisions give no vested right to exceptions to Rule 37 for development of such segregated tracts, therefore applies.

The York case involved a second well on the Hawkins 2.64-acre tract, for which a permit had been granted, thus giving 2 wells on that tract. After the Commission had granted that permit, the General American applied for a second well on its 3.63-acre adjoining tract on the ground that two wells on the Hawkins tract would drain its tract, resulting in confiscation, the only ground on which the permit here involved was sought. On the hearing before the Commission the following express representation by the General American was made: "The occasion for this request is that York and Lawley were recently granted a permit to drill a second well on their 2.64-acre lease adjoining General American's Sam Williams 'A' lease on the south. If this second well is drilled there will be serious drainage from the General American Oil Company's lease, and it will be necessary to drill a second well on the General American Oil Company lease to prevent confiscation. If the second well on the York and Lawley lease is not drilled because of court action, then the General American Oil Company would not want to drill a second well on its 3.63-acre Sam Williams 'A' lease".

This representation to the Commission manifestly amounts to an admission by the General American that except for the second well on the adjoining 2.64-acre Hawkins lease, no drainage of its tract would occur, and no grounds for its second well as an exception to Rule 37 to prevent confiscation would exist.

The Gulf, owner of the lease to the west of these two tracts, protested the granting of the application here involved, called to the attention of the Commission that a suit was then pending (the York case) to set aside the permit for the second well on the Hawkins lease, and urged that the Commission should not consider that permit in determining the need for the permit here under attack. Obviously the Railroad Commission did consider in granting this permit the second well on the Hawkins lease. Otherwise, under the General American's own application no grounds would exist for a second well on its own tract. This the Commission was not authorized to do. It is now settled that when suit is filed to set aside such an order of the Commission, jurisdiction over that order is withdrawn from the Commission and vested in the Courts. The Commission then has no jurisdiction over such order until final judgment of the court reviewing it is

rendered. The reasons for such a rule are obvious. And if the Commission, while one of its permits is under attack as invalid in a court of competent jurisdiction, can ignore the jurisdiction of the court and grant a second permit, the validity of which admittedly depends upon the validity of the first; and in so doing thereby justify the second permit, the efficacy of judicial review of its orders would in effect be destroyed. This is illustrated in the instant case. If, as contended by appellant, the permit here involved must be sustained on the ground that when it was granted a permit had been granted for a second well on the Hawkins lease (which was subsequently held void in the York case), then for the same reason, after that is done, a second well must then be granted on the Hawkins lease to prevent drainage from that tract, judicial review of such orders would become a travesty. Clearly where the validity of one permit depends wholly upon the validity of another already under attack in a court of competent jurisdiction, the better practice of the Commission would be to withhold action on the second until the validity of the first had been judicially determined.

In addition to what has been said, however, and the undisputed fact that the tract here involved comes within the voluntary subdivision rule, the undisputed evidence shows that when compared with the eight times surrounding adjacent area, whether delineated by circle or triangle, and in which the daily allowable for all wells was substantially the same, these two tracts, that is, the General American and the Hawkins, considered as a unit of the 6.27-acres with two wells thereon, were drilled to a greater density than such surrounding area. The tract thus already enjoyed an equal opportunity, if not a greater one, with surrounding tracts to recover its fair share of oil in place beneath it, and no confiscation resulted. The additional well here involved would, if permitted to produce, give it a density advantage over surrounding tracts. The only evidence on the issue of drainage from this tract by wells on adjacent surrounding tracts was that such drainage was being compensated by drainage to the well already drilled on the tract.

■ The question of waste predicated upon "pinching out" of the sand to the east towards the edge of the field was not presented to, nor passed upon by, the Commission in granting said permit, and therefore need not be considered by us on this appeal. Gulf Land Co. v. Atlantic Ref. Co., Tex. Sup., 131 S.W.2d 73, 84; Railroad Comm. v. Gulf Production Co., Tex.Sup., 132 S.W. 2d 254.

Finding no error in the record, the trial court's judgment is affirmed.

Affirmed.