## STANOLIND OIL & GAS CO. v. MIDAS OIL CO. et al.

No. 9016; Motion No. 9444.

Court of Civil Appeals of Texas. Austin.

July 3, 1940.

Rehearing Denied Sept. 25, 1940.

Turner, Rodgers & Winn, W. W. Prior, Jr., and Frank J. Scurlock, all of Dallas (Donald Campbell, of Tulsa, Okl., of counsel), for appellant.

Gerald C. Mann, Atty. Gen., and Edgar Cale, Asst. Atty. Gen., for appellee Railroad Commission of Texas.

Carl W. Wade, of Dallas, and Wheeler & Wheeler, of Austin, for appellee Midas Oil Co.

BAUGH, Justice.

This is a Rule 37 case on second appeal to this court. The first appeal is reported in 123 S.W.2d 911, writ dismissed. On the former appeal we set aside as invalid the permit involved and reversed and remanded the case with instructions. On the motion for rehearing, however, and because the trial court had rendered judgment against plaintiff, appellant therein, at the close of its evidence, and without any evidence having been offered on the part of the defendants, we reversed and remanded the case for another trial. Upon the second trial hereof, the trial court, upon motion of the defendants made at the close of plaintiff's evidence, again instructed a verdict in favor of defendants and rendered judgment accordingly; from which the plaintiff again appeals.

In the interest of brevity, we refer to our former opinion in 123 S.W.2d 911, for a statement of the facts there and here involved. The permit involved was for a second well on a narrow strip containing 2.14 acres. This strip, and an adjoining strip containing .62 of an acre on which one well had been drilled, had been voluntarily segregated from each other after the spacing provisions of Rule 37 had become applicable thereto; consequently, under the now well established rules laid down by the decisions, and under the Commission's own rule of May 29, 1934, neither of these tracts was entitled to an exception to develop such tracts separately. The issues here

presented are referable, therefore, to the combined tracts, aggregating 2.76 acres, treated as one tract; and upon which two wells had already been drilled prior to the granting of the permit here involved.

Our former opinion was written prior to the decision of the Supreme Court in Gulf Land Co. v. Atlantic Ref. Co., 134 Tex. 59, 131 S.W.2d 73. The opinion of the Supreme Court in that case, in addition to the determination of the specific issues raised by the facts of that particular case, was manifestly intended as a comprehensive discussion of the law applicable to Rule 37 cases generally, to clarify confusion which had theretofore arisen in the interpretation of prior decisions of the Supreme Court, and of the Courts of Civil Appeals; and as an expression of the conclusions of the Supreme Court on the questions therein discussed, whether particularly necessary to a decision of the exact issues involved in that case or not. We so construe that opinion.

On the former appeal, the majority opinion determined the following issues:

1. That appellant was an interested party within the meaning of Art. 6049c, Sec. 8, Vernon's Ann.Civ.St., authorizing it to prosecute this suit.

2. That appellant was not, under that statute guilty of laches, as such, in not bringing its suit sooner than it did bring it.

3. That the 2.14-acre tract was a voluntary subdivision after Rule 37 became applicable to it.

4. That no confiscation of Midas Oil Company's property without said well would result under the established facts.

5. That waste would be caused by the drilling of the additional well.

■ In the light of the Gulf Land Company case, supra, the parties repleaded, eliminating the issue of waste as sustaining said permit, as that was not passed upon by the Commission. Under the voluntary subdivision rule both under the decisions and the rule of the Commission itself, the permit in question was invalid. And where the Commission has improperly considered only the voluntary subdivision as entitled to separate development as such, and has granted a permit to prevent confiscation as to the subdivided tract alone, but has not determined whether the combined subdivisions, if treated as one tract, would be entitled to additional wells, the question ordinarily should revert to the Commission for determination of the confiscation issue on a proper basis. But where the uncontroverted facts show that if the owners of the subdivided tracts, considered as a unit of one tract, in its relation to surrounding tracts, with the wells already drilled thereon, have been given an equal opportunity with such adjacent or surrounding tracts to recover their fair share of the oil in place beneath such combined tracts, as a matter of law no confiscation results, and there is nothing further for the Commission to determine on the issue of confiscation. Gulf Land Co. v. Atlantic Ref. Co., supra; General American Oil Co. v. Gulf Oil Corp., Tex.Civ. App., 139 S.W.2d 314, writ refused. This exact question was presented and determined by us in the case last above cited. It was also determined by us on the former appeal of this case; and the facts, without detailing them here, presented by the record in the instant case clearly disclose the same. The permit in question was therefore clearly invalid.

■ The only remaining question is that of estoppel. The issue of confiscation, that is, whether the owner of one tract, through the wells on his land, is enabled to produce more than his fair share of the oil in place beneath it by draining it from beneath his neighbor's land, primarily involves private property rights between them. That being true, as between them, the doctrine of estoppel becomes applicable. The permit granted was prima facie valid, and unless and until set aside the permittee, Midas Oil Company, had a clear legal right to drill a well under it. The Stanolind, owner of the adjoining leasehold, also had a clear legal right, under Sec. 8 of Art. 6049c of the statutes, for the protection of its own property rights, to attack it by suit in the District Court. As between the Stanolind and the Midas each had its clear legal rights relating to its own property, the one to drill under the permit, the other to sue to set it aside.

Can the Stanolind, whose primary interest and objective in bringing such suit is to protect its own property rights, sit silently by for four months after such permit is granted, apparently acquiescing in its presumed validity, until the holder thereof has, as he had a clear legal right to do, incurred heavy expense towards drilling such well, and then be permitted to assert that drilling it will injure Stanolind's property rights? Such situation was

manifestly what the Supreme Court had in mind, if not in fact the former appeal herein which had been before it on application for writ of error, when the question of estoppel was discussed in the Gulf Land Company case.

■ . On the second trial hereof the defendants pleaded estoppel against appellant's right to have said permit set aside for the protection of its own property rights. Manifestly that constituted an affirmative defense. And when the appellant showed, as it clearly did, that the permit was arbitrarily granted by the Commission, it was entitled to have it set aside unless the Midas by pleading and proof showed that Stanolind had, by its own conduct, become estopped from doing so. This burden, as an affirmative defense, therefore clearly rested upon the Midas. It was predicated upon acts and conduct occurring subsequent to the granting of the permit, and consequently was a matter not before the Railroad Commission on its hearing, and one with which the Commission had nothing to do.

■ Nor can the trial court's judgment herein be sustained on the ground that estoppel against appellant was shown as a matter of law. Appellee did not by proof undertake to show estoppel as against an invalid order. Its contention in the trial court, and its motion for an instructed verdict at the close of plaintiff's evidence, was predicated entirely on the contention, and its motion affirmatively so shows, that "the plaintiff has wholly failed to discharge the burden of proof placed upon it," to show that there was not before the Railroad Commission sufficient evidence to sustain said permit. Manifestly this was the ground on which the trial court based his judgment. On that ground it cannot be sustained, and the issue of estoppel, wherein the burden rested upon appellee, was not adjudicated.

■ What constituted a reasonable time, none being fixed by statute, in which a protestant must act in suing to set aside such permit; and whether an unreasonable delay in doing so has damaged the holder of such a permit, are fact questions to be determined under all the facts and circumstances of the particular case.

The invalidity of said permit as not being authorized to prevent confiscation, and as being in violation of the Commission's own rule of May 29, 1934, relating to voluntary subdivisions, has now been twice definitely adjudicated by this court; and is now foreclosed. Since, however, the trial court erroneously rendered judgment in favor of the defendant without requiring it to make any proof on its affirmative defense of estoppel, a defense available to it as against Stanolind even on an invalid permit, we think it should be permitted to have that issue determined. The judgment will therefore be reversed and the cause remanded for trial solely upon the issue of estoppel pleaded by the defendant. If that be determined against the defendant, Midas Oil Company, then judgment should be rendered for plaintiff, appellant here, as prayed for. If it be determined in favor of the defendant, then judgment should be rendered against the plaintiff.

Reversed and remanded with instructions.

### On Appellees' Motion for Rehearing.

■ In their motion for rehearing appellees urge, among other things, that our holding herein is in conflict with, and contradictory to, our holding in Humble Oil & Refining Co. v. Potter, 143 S.W.2d 135. That is, that under our holding in the Potter case, the entire controversy here presented should revert to the Railroad Commission to determine whether the 2.14-acre tract and the .62-acre tract, taken together and treated as a unit of one tract, were entitled to an additional well to prevent confiscation, since the Commission has not determined that question. Such proposition is, as a general rule, now settled as correct. But such a contention has no application where the established facts show as a matter of law, that when so considered, no confiscation of the combined tracts would result without the additional well. Not only was this question definitely determined by us on the former appeal, but we were careful to again point it out in our original opinion herein. No such issue was presented in the Potter case, and the judgment in that case was reversed because the facts in that case did not show as a matter of law that confiscation would not result without additional wells. It thus becomes manifest that no conflict exists between our holding herein and our holding in the Potter case.

Appellees' motion is overruled.

Overruled.