## GENERAL AMERICAN OIL CO. OF TEXAS et al. v. GULF OIL CORPORATION.

### No. 4197.

Court of Civil Appeals of Texas. El Paso, Texas.

June 11, 1942.

Rehearing Denied Oct. 29, 1942.

Gerald C. Mann, Atty. Gen., James Noel, Tom D. Rowell, Jr., E. R. Simmons, James D. Smullen, and Cecil C. Rotsch, Asst. Attys. Gen., and Gordon Simpson (of Lasseter, Simpson, Spruiell & Lowry) of Tyler, for appellants.

John E. Green, Jr., and Joe S. Brown, both of Houston, and Stanley Hornsby, of Austin, for appellee.

SUTTON, Justice.

This is an appeal from the 126th District Court of Travis County. The parties will be designated as in the trial court. The Gulf was plaintiff and the General American and the Railroad Commission and its members defendants.

The suit was to set aside an order and permit to drill an oil well on a 3.63-acre tract of land in Rusk County made and granted August 1, 1939, under the confiscation exception to Commission Rule 37. The case was first heard by the trial court on the prayer for injunction. All operations under the permit were enjoined. On appeal the trial court's judgment was affirmed by the Austin Court of Civil Appeals, 139 S.W.2d 314. The Supreme Court refused a writ.

When the case was called on its merits the defendants advised the trial court in their opinion the case could not be maintained under the confiscation exception and the permit might be properly cancelled. The judgment cancelled the permit and permanently enjoined all operations and production thereunder. The judgment otherwise permanently enjoined the Commission from granting any further permit on the General American's 3.63-acre lease, "until conditions in the adjacent area have materially and substantially changed from the conditions existing on the first day of August, 1939; and from considering the permit herein set aside as the basis or grounds for granting other exceptions to Rule 37." The defendants were dissatisfied with this latter provision of the judgment, construed by all concerned as a bar to proceeding under the only other exception to Rule 37, to-wit, to prevent waste, and from which they have appealed.

The only question presented is the power or lack of power in the trial court to so enjoin the defendants from proceeding under such exception to prevent waste.

The Austin Court in its opinion, supra, found the only question presented there arose under the confiscation exception and no need existed for a consideration of the waste exception.

The rule merely makes two exceptions as heretofore indicated, to prevent confiscation and waste. It does not undertake to require that the conditions to support each be presented and tried on one application. As we understand the rule, if the application is presented and the evi-

dence heard by the Commission on the confiscation exception, then the waste exception may not be considered by the courts on a review of the action of the Commission. In other words, the court's review is limited to the exception presented to and tried by the Commission and the fact issue passed on and considered by the Commission. Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73; Buckley v. Atlantic Refining Co., Tex.Civ. App., 146 S.W.2d 1082 (W.O.J.).

The judgment of the Austin Court in the instant case, supra, is confined to the confiscation exception. In this situation that judgment is res adjudicata only as to the issue there decided and the issue on which the Commission rested its findings and permit. Authorities supra.

It follows, therefore, the trial court is without authority to enjoin the making and consideration of an application under the waste exception.

The judgment is reformed so as to have no application to an application and permit to prevent waste.

As reformed the judgment is affirmed.

WALTHALL, J., not participating.