## GULF OIL CORPORATION v. RUDCO OIL & GAS CO. et al.

### No. 9111.

Court of Civil Appeals of Texas. Austin.
July 8, 1942.

Rehearing Denied Sept. 9, 1942.

Joe S. Brown, of Houston, and Stanley Hornsby, of Austin (John E. Green, of Houston, of counsel), for appellant.

Pollard, Lawrence & Reeves, of Tyler, for appellee, Rudco Oil & Gas Co.

Gerald C. Mann, Atty. Gen., Jas. D. Smullen, Asst. Atty. Gen., and Edgar W. Cale, of Austin, for appellee Railroad Commission of Texas.

BLAIR, Justice.

This is a Rule 37 case. The Commission granted appellee Rudco Oil & Gas Company a permit to drill well No. 5, a fifth well on its 5-acre tract of land in the East Texas Oil Field in Rusk County. The well was applied for and granted as an equidistant offset to the J. D. Nantz well No. 1 located 25 feet south of Rudco's south line; and was granted as an exception to the general spacing distances of the rule "to prevent confiscation of property."

Appellant, Gulf Oil Corporation, sought in the court below, and here seeks, to set aside the permit and to perpetually enjoin production of oil from the well upon two grounds:

1. Because well No. 4 on the said 5-acre tract, which had been previously granted, was involved in litigation, and the Commission was thereby deprived of jurisdiction to grant well No. 5.

2. Because there was no substantial evidence to support the order granting the permit to drill well No. 5.

At the time the Commission heard the application for Rudco's well No. 5, appeals had been filed and were pending in courts involving the validity of permits for the following wells within the eight times area surrounding the Rudco 5-acre tract: W. L. Allen well No. 3; James T. Smith well No. 5; Stantex Petroleum Company well No. 7; Harry Hanbury well No. 3; Fox Wood wells Nos. 4 and 6; the Shelby Oil & Gas Company wells Nos. 10, 11 and 12; and also well No. 4 on the Rudco 5-acre tract. In three of such suits it has now been finally adjudicated that the permits were illegal and they have been cancelled. See W. L. Allen et al. v. Gulf Oil Corporation, Tex.Civ.App., 139 S.W.2d 207; Gulf Oil Corporation v. Smith et al., Tex. Civ.App., 145 S.W.2d 280; Fox Wood et al. v. Gulf Oil Corporation, Tex.Civ.App., 147 S.W.2d 818.

Two other permits have been cancelled by the District Court of Travis County and are now pending on appeal, one being Stantex Petroleum Company v. Gulf Oil Corporation, now pending in the Beaumont Court of Civil Appeals; and the other being Harry Hanbury v. Gulf Oil Corporation, now pending in this court. The remaining suits involving the validity of said permits are now pending in the District Court of Travis County.

The rule is settled that when a suit is filed to set aside an order of the Commission granting a well as an exception to Rule 37, jurisdiction under that order is withdrawn from the Commission and vested in the court. The Commission then has no jurisdiction over such order until it is finally adjudicated by the court reviewing it; and the Commission may not ignore the jurisdiction of the court and grant subsequent permits, the validity of which depends upon the validity of the permit then under attack. General American Oil Co. et al. v. Gulf Oil Corporation, Tex.Civ.App., 139 S.W.2d 314, writ refused; Gulf Oil Corporation v. James T. Smith et al., Tex.Civ.App., 145 S.W.2d 280, writ refused; and Fox Wood et al. v. Gulf Oil Corporation, Tex.Civ.App., 147 S.W.2d 818.

Under this rule the permit for well No. 4 on Rudco's 5-acre tract, under attack in a suit pending at the time the permit for Rudco's well No. 5 was granted, must necessarily be considered in deter-

mining the validity of the Rudco No. 5, because the testimony is undisputed that with three wells on the Rudco 5-acre tract there is drainage towards it from adjacent tracts; that such drainage would be increased with four wells and still further increased with Rudco's well No. 5 involved in this appeal. In consequence, if well No. 4 on this same tract is sustained in the pending proceedings, then it directly affects the validity of well No. 5 because the testimony is undisputed that with four wells the Rudco 5-acre tract has an equal if not a better opportunity to produce all of its oil than do the various tracts situated within the eight times area of the Rudco 5-acre tract. It is true that the petroleum engineers testified that excluding well No. 4 on the Rudco 5-acre tract, and excluding all of the wells on the surrounding tract within the eight times area now in litigation, that the situation would be the same. But this testimony does not control the question, because it necessarily assumes that each of the permits for the wells in litigation will be declared invalid. Manifestly if well No. 4 in litigation is sustained in the suit wherein its validity is attacked, then the Rudco 5-acre tract with said well No. 4 and well No. 5 involved in the instant case will have more than an equal opportunity to recover its oil as compared to the leases within the eight times surrounding area. In consequence, the validity of well No. 4, in litigation when the Commission granted well No. 5 as an exception on the same 5-acre tract, necessarily affects the validity of• well No. 5, and therefore the Commission had no jurisdiction to grant· well No. 5 pending the final determination by the courts of the validity of well No. 4.

This same question as to the validity of well No. 4 also arises in connection with the issue of drainage occasioned by the location of the J. D. Nantz well 25 feet south of the south line of the Rudco 5-acre tract. Necessarily well No. 4 will drain oil from adjacent leases, which will compensate to some extent, if not wholly, the drainage caused by the Nantz well. In consequence the validity of well No. 4 necessarily affects the necessity for and validity of well No. 5, granted when well No. 4 was involved in litigation.

The foregoing conclusion that the Commission had no jurisdiction to grant well No. 5 in suit pending the final adjudication of the validity of well No. 4 in another suit, renders unnecessary a decision of the question of confiscation alleged to be resulting from the drainage of oil from the 5-acre Rudco tract by the J. D. Nantz well located 25 feet south of the south line of the Rudco 5-acre tract.

The judgment of the trial court is reversed and the permit granting well No. 5 is cancelled, and appellees are perpetually enjoined from producing oil from the well.

Reversed and rendered.

Injunction granted.

### On Appellees' Motions for Rehearing.

### PER CURIAM.

Separate motions for rehearing have been filed by appellees Rudco Oil & Gas Company and the Railroad Commission. Both motions assert that upon our holding that the Commission's order was void because entered at a time when the Commission had no jurisdiction over the subject matter by reason of the pendency of the appeal from the order granting well No. 4, the proper judgment of this court would be to abate the suit and enjoin production from well No. 5, pending final adjudication of the appeal from the No. 4 well permit order. The point is not well taken. The Commission having no jurisdiction over the subject matter of the application, any order made thereunder was void; and our judgment cancelling the order and enjoining production thereunder was proper. This judgment, however, will not constitute a bar to a further application to the Commission for a permit whenever its jurisdiction over the subject matter may attach. Our judgment herein does not adjudicate the merits of the controversy involved in the application; but only the jurisdiction of the Commission to pass upon that controversy pending final adjudication of the appeal from the No. 4 permit order.

Both motions are overruled.