### RAILROAD COMMISSION et al. v. SHELL OIL CO., Inc.

#### No. 9243.

Court of Civil Appeals of Texas. Austin.

Sept. 30, 1942.

Rehearing Denied Oct. 28, 1942.

Gerald C. Mann, Atty. Gen., and Fagan Dickson, E. R. Simmons, Tom D. Rowell, Jr., and James D. Smullen, Asst. Attys. Gen., for appellant, Railroad Commission of Texas.

Wheeler & Wheeler, of Austin, for appellants John Wrather and Pat O'Brien.

R. H. Whilden, of Houston, and Greenwood, Moody & Robertson and J. B. Robertson, all of Austin, for appellee.

McCLENDON, Chief Justice.

Rule 37 case. The appeal is by the Commission and the permittees from a judgment cancelling permits to drill two wells on a strip of land 36.3 feet wide and 600 feet long in the western portion of the East Texas Oil Field in order to prevent confiscation and waste; and awarding injunctive relief. It was conceded that the permits could not be upheld on the confiscation theory; and that subject will not be further noted.

Upon the issue of waste the case is clearly ruled by the Trem Carr case (Railroad Com. v. Shell Oil Co., Tex.Sup., 161 S.W.2d 1022), and the subsequent decision of this court in the Letwin case (Letwin v. Gulf Oil Corp., 164 S.W.2d 234.) The permits were sought to be upheld upon a showing that, due to the water encroachment in this section of the field, these wells would recover about 6,400 barrels of oil (about 3,200 barrels each) that would not be recovered by the other wells in the area. It was shown, however, without controversy, that this condition was not

peculiar to the tract in question, but prevailed throughout the eight times surrounding area as well as generally throughout the western portion of the field. The situation thus presented was analogous to that in the Trem Carr case, and on all fours with that in the Letwin case. We deem it unnecessary to detail the evidence; and refer to the Letwin opinion for our interpretation of the Trem Carr case as applied to the fact situation in the case at bar.

Appellants also sought to defeat the suit upon a plea of laches; the pertinent facts regarding which plea were: The well No. 1 permit was granted December 22, 1939, and a motion for new trial, seasonably filed, was overruled February 24, 1940. Meantime the well was drilled and brought in as a producer January 9, 1940. The well No. 2 permit was granted February 24, 1940, and motion for new trial overruled March 4, 1940. The well was brought in as a producer March 14, 1940. Shell filed a statutory appeal challenging both permits in the Federal Court March 8, 1940. June 3, 1940, the United States Supreme Court decided the Rowan & Nichols case, and on October 21, 1940, it altered its opinion and denied a rehearing. Railroad Comm. v. Rowan & N. O. Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368; Id., 311 U.S. 614, 61 S.Ct. 66, 85 L. Ed. 390; Id., 311 U.S. 727, 61 S.Ct. 167, 85 L.Ed. 473. That case decided in substance that the Federal Courts would not review the orders of the Commission in conservation matters upon the holding that whatever rights the state statute might afford were to be pursued in the State Courts. January 29, 1941, the Shell case in the Federal Court was dismissed without prejudice on motion of the Shell. This suit was filed February 20, 1941.

 While we think the Shell was justified in .its assumption that the Federal Court had jurisdiction of the appeal up to the time of the final order in the Rowan & Nichols case, and that laches would not be imputed to it for failure to file the instant suit, we deem it unnecessary to consider that question. The record negatives any prejudice to appellants by reason of the delay thus caused in that it affirmatively appears that well No. 1 was brought in as a producer even before the new trial motion was overruled, and well No. 2 was so brought in only ten days after the new trial motion was overruled. The effect of the holding in Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, 86,

is that lapse of time will not avail to defeat a suit of this character in the absence of a fact showing amounting to estoppel. We read from the opinion: "The very nature of the appeal thus provided [in Sec. 8 of Art. 6049c] would make it very difficult for the Legislature to frame a just statute to apply in all instances. We think, however, that unreasonable delay in appealing orders pertaining to well permits *which cause the opposite party to act, to his injury,* might give rise to a question of estoppel." (Emphasis added.)

The trial court's judgment is affirmed.

Affirmed.