Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellant.

Pipkin & Pipkin, of Beaumont, for appellees.

**RUDCO OIL & GAS CO. et al. v. GULF OIL CORPORATION et al.**

No. 9368.

Court of Civil Appeals of Texas. Austin.

March 10, 1943.

Rehearing Denied March 31, 1943.

Potter & Bezoni and Pollard & Lawrence, all of Tyler, for appellants.

Joe S. Brown, of Houston, and Stanley Hornsby, of Austin, for appellees.

BLAIR, Justice.

Rule 37 case. The Commission granted the application of appellant Rudco Oil & Gas Company for a permit to drill well No. 4, the fourth well on its Morse 5-acre lease in Rusk County, Texas, "to prevent confiscation of property." Appellee Gulf Oil Corporation appealed from the permit order, contending that the well was not necessary to prevent confiscation of property. At the conclusion of all the evidence and upon its own motion, the trial court withdrew the case from the jury and rendered judgment cancelling the permit order and enjoining production of oil from the well.

■ The first point presented is that the court erred in withdrawing the case from the jury in absence of a motion for an instructed verdict setting up the specific ground therefor, and in rendering judgment without any jury verdict. Rule 268, Texas Rules Civil Procedure, is cited which provides that "a motion for directed verdict shall state the specific grounds therefor."

The rule merely provides that when a motion for directed verdict is filed it shall state the specific grounds therefor. It does not prevent the court on its own motion or determination from withdrawing a case from a jury and to then render the only proper judgment in the case.

In Cline v. Insurance Exchange of Houston, Tex.Civ.App., 154 S.W.2d 491, 493 (affirmed Tex.Sup., 166 S.W.2d 677), the court says: "In legal contemplation there is no difference between the action of the court in peremptorily instructing a verdict and then rendering judgment on such verdict, and the action of the court in dismissing the jury and rendering judgment."

See, also, Hufstedler v. Sides, Tex.Civ. App., 165 S.W.2d 1006, writ refused; and Shield v. First Coleman Nat. Bank, Tex. Civ.App., 160 S.W.2d 277, affirmed Tex. Com.App., 166 S.W.2d 688. These cases are controlling over the dicta in the case of Kinsey v. Dutton, Tex.Civ.App., 100 S. W.2d 1025.

Rule 268 is the last sentence of Federal Rule of Civil Procedure, 50(a), 28 U.S.C. A. following section 723c, unchanged, which rule settled a conflict in the federal decisions as to whether a motion must state specific grounds for an instructed verdict, but the courts still hold that "We doubtless have the power to consider such motion even though the grounds be not stated, if in our opinion this is necessary to prevent a miscarriage of justice." Virginia-Carolina Tie & Wood Co. v. Dunbar, 4 Cir., 1939, 106 F.2d 383, 385; New York Life Ins. Co. v. Doerksen, 10 Cir., 75 F.2d 96; Maryland Casualty Company v. Talley, 5 Cir., 1941, 115 F.2d 807. No case is found under the federal rule which holds that a court may not of its own motion in a

proper case direct a verdict without a motion being filed therefor.

Two points are presented to the effect that the court erred in withdrawing the case from the jury, because jury issues were raised, as follows:

1. As to whether appellee Gulf Oil Corporation was affected by the order entitling it to appeal therefrom.

2. As to whether appellants had a fair and equal opportunity to produce its oil from its lease in relation to the adjoining leases.

Neither point is sustained.

■■ Rule 37 provides that the Commission may grant an exception to the general spacing distances prescribed only after notice "to all adjacent lessees affected thereby," and a hearing. Appellee was given notice of the hearing upon appellant's application for the permit in question, and appeared at the hearing and protested. Thus the Commission, itself, determined that Gulf was an affected party within the meaning of the rule, and the issue on the trial de novo was whether there existed at the time the order was granted sufficient evidence to sustain it. A qualified petroleum engineer testified that there was drainage from appellee's adjacent tract with three wells on appellant's lease; and that the fourth well would increase that drainage. Appellant's south line is approximately 408 feet and the well in question is 526 feet from appellee's lease line. This court held in the case of Empire Gas & Fuel Co. v. Railroad Com., Tex.Civ.App., 94 S.W.2d 1240, writ refused, that a lessee whose property line was 430 feet and the well granted was nearly 900 feet from said property line, was an interested party affected by the order and entitled to appeal therefrom. The evidence detailed was substantial evidence sustaining the conclusion of the Commission and the trial court that appellant was an adjacent lessee affected by the order.

■ The undisputed evidence showed that appellant with three wells on its 5-acre tract had a fair and equal opportunity to produce its oil in relation to that of adjacent or adjoining lessees; and the evidence adduced showed that at the time the permit was granted there was not then existing sufficient evidence to show that the well was necessary to prevent confiscation of property. The 5-acre tract with three wells on it had a density advantage over the 8 times area surrounding it under four different methods of comparison. There were no underground conditions, including permeability, porosity, sand thickness, potentials, or gas influences peculiar to the tract, or different from the 8 times area surrounding it. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, and numerous other Rule 37 cases which follow the Supreme Court decision, and need not be cited.

The two points presented contend that the court erred in refusing appellant's first and second motions for a continuance, based on the pendency of an appeal involving well No. 5 on the same 5-acre tract, which was granted after well No. 4 was granted, and which well No. 5 was held to be invalid in the case of Gulf Oil Corporation v. Rudco Oil & Gas Co., Tex.Civ. App., 164 S.W.2d 222, writ refused; and on the pendency of suit involving the validity of other permits granted on adjacent leases, which affected well No. 4 all of which have now been determined and each of the permits has been declared to be invalid. And a third point in this connection is that the court erred in sustaining the objection of appellee to testimony with reference to these wells on adjacent leases under attack in pending suits at the time the permit for well No. 4 was granted.

■ As to the question of continuance, this court decided the exact question against the contention of appellant in the case of Penn Oil Co. v. Gulf Oil Corporation, Tex.Civ.App., 167 S.W.2d 220, error refused, W.M. The question need not be further discussed.

■ As to the question of the admissibility of the testimony with respect to wells on adjacent leases, which affect the well in suit, the rule is settled that neither the Commission nor the courts may properly consider permits for wells under attack in the courts as a basis for subsequent permits affected by or based upon the permits under attack in the courts. General American Oil Co. v. Gulf Oil Corp., Tex.Civ. App., 139 S.W.2d 314, writ refused; Gulf Oil Corp. v. Smith, Tex.Civ.App., 145 S. W.2d 280, writ refused; Wood v. Gulf Oil Corp., Tex.Civ.App., 147 S.W.2d 818, writ dismissed Tex.Civ.App., 149 S.W.2d 1014; Stantex-Petroleum Co. v. Gulf Oil Corp., Tex.Civ.App., 157 S.W.2d 407, writ refused, W.M.; Gulf Oil Corp. v. Rudco Oil & Gas Co., Tex.Civ.App., 164 S.W.2d 222, writ refused; Penn Oil Co. v. Gulf

Oil Corp., Tex.Civ.App., 167 S.W.2d 220, writ refused, W.M.

█ A remaining point contends that the trial court was without jurisdiction to hear and determine this suit. This contention is based upon the fact that appellee filed this case in the 53rd Judicial District Court of Travis County, Texas, and that upon ex parte motion of appellee, without notice to appellant, the case was transferred to the 126th District Court of Travis County, Texas. This contention is overruled.

The Acts of the 42nd Legislature, First Called Session, Chapter 8, page 13, Vernon's Annotated Civil Statutes, Art. 199, Sub. 53, creating the 126th District Court provide that each of the judges of the 53rd, 98th, and 126th District Courts of Travis County " * * * may, in his discretion, either in term time or in vacation, on motion of any party or an agreement of the parties, or on his own motion, transfer any cause, civil or criminal, on his docket to the docket of one of the other said District Courts; and the Judge of said Courts may, in their discretion, exchange benches of Districts from time to time; * * *."

The instant case was properly transferred under this statute. See Cyrus W. Scott Mfg. Co. v. Haynie, Tex.Civ.App., 64 S.W.2d 1090.

The judgment of the trial court is affirmed.

Affirmed.