### STANOLIND OIL & GAS CO. v. MIDAS OIL CO.

#### No. 11543.

Court of Civil Appeals of Texas. Galveston.

June 10, 1943.

Rehearing Denied July 15, 1943.

Frank J. Scurlock and Turner, Rodgers & Winn, all of Dallas (Donald Campbell, of Tulsa, Okl., of counsel), for appellant.

Wheeler & Wheeler, of Austin (J. W. Wheeler, of Austin, of counsel), for Midas Oil Co.

MONTEITH, Chief Justice.

This is the third appeal in a Rule 37 case. The action was originally brought by appellant, Stanolind Oil & Gas Company, to set aside a permit issued to appellee, Midas Oil Company, by the Railroad Commission of Texas, to drill a second well on a 2.14 acre tract of land in the East Texas Oil field in Gregg County and to permanently enjoin appellee from producing oil from the well authorized by the permit.

In the first appeal from a judgment for appellee (reported in volume 123 S.W.2d 911, writ dismissed) the Austin Court of Civil Appeals set aside the permit involved

as invalid and reversed and remanded the cause for another trial.

On the second appeal from a judgment of the district court in favor of appellee (reported in volume 143 S.W.2d 138, writ of error refused) the Austin Court of Civil Appeals reversed the judgment of the trial court and remanded the case for trial solely on the issue of estoppel. It held that said permit had been arbitrarily granted by the Railroad Commission and that appellant was entitled to have it set aside unless appellee, by pleading and proof, showed that appellant had, by its conduct, become estopped from having the permit set aside and that such burden, as an affirmative defense, was upon appellee. Vernon's Ann.Civ.St. Art. 6049c, § 8; Stanolind Oil & Gas Co. v. Midas Oil Co., Tex.Civ.App., 143 S.W.2d 138, 141, error refused.

The court further held that "What constituted a reasonable time, none being fixed by statute, in which a protestant must act in suing to set aside such permit; and whether an unreasonable delay in doing so has damaged the holder of such a permit are fact questions to be determined under all the facts and circumstances of the particular case."

On the third trial of the cause in the district court of Travis County only the two following issues were submitted to the jury:

No. 1. "Do you find from a preponderance of the evidence that under all the facts and circumstances in evidence in this case, the plaintiff, Stanolind Oil & Gas Company, delayed for an unreasonable time the bringing of this suit against the defendant, Midas Oil Company."

No. 2. "Do you find from a preponderance of the evidence that by reason of such unreasonable delay, if any you have so found in response to the foregoing special issue, that defendant, Midas Oil Company, has incurred heavy expense which it would otherwise not have incurred."

The jury answered both of the foregoing issues in the affirmative and judgment was rendered by the trial court that appellant take nothing by its suit and that it be denied all relief sought. The appeal from this judgment was transferred from the Third Court of Civil Appeals to this court under order of the Supreme Court.

The record shows that, in January, 1935, Midas Oil Company, the owner and operator of the leasehold estate on 2.14 acres of land in the W. H. Castleberry Survey in Gregg County, Texas, applied to the Railroad Commission of Texas for a permit to drill wells Nos. 2 and 3 on said tract as exceptions to oil well spacing Rule 37. At that time Yount-Lee Oil Company was the owner and operator of an adjacent lease of 65.64 acres. The Commission conducted a hearing on this application at which Yount-Lee Oil Company appeared and protested. The application was denied. Appellant filed a motion for a rehearing which was granted, and, on a second hearing, on June 10, 1935, at which Yount-Lee Oil Company again appeared and protested, a permit was granted by the Commission to drill the well which is the subject of this litigation.

On July 31, 1935, Yount-Lee Oil Company assigned its lease on the 65.64 acre tract adjoining appellee's holdings to appellant. Its ownership of said lease has been continuous to the present time.

On October 12, 1935, appellee, Midas Oil Company, commenced drilling operations on its lease. On October 19, 1935, this suit was filed by appellant seeking to cancel said permit and to prevent the production of oil from the well authorized by the permit.

The sole question presented in the appeal is whether the trial court in his charge submitted to the jury the necessary and proper elements of an equitable estoppel under the facts and circumstances of this particular case.

In 21 Corpus Juris 1126, it is said: "It is an essential element of equitable estoppel that the person invoking it has been influenced by and relied on the representation or conduct of the person sought to be estopped; and this rule applies with equal force and effect as well where the conduct of the party sought to be estopped consists of silence as where it consists of positive acts. There can be no equitable estoppel where the complainant's act appears to be rather the result of his own will or judgment than the product of what defendant did or represented." See, also, 31 C.J.S., Estoppel, § 71.

In the case of Hill v. Engel, Tex. Civ.App., 89 S.W.2d 219, 221, writ of error refused, the court in its opinion said: "In order for one to establish a plea of estoppel it is essential that he allege and prove not only that the misleading state-

ments and representations were made by the parties sought to be estopped, but that he actually believed and relied on said representations and was misled to his injury thereby."

■ In the case of Echols v. McKie, 60 Tex. 41, it is said: "To constitute an estoppel, the act or statement must be shown to have had a direct or immediate influence upon the conduct of the party claiming its benefit."

■ In the recent case of Railroad Commission v. Shell Oil Co., Tex.Civ.App., 165 S.W.2d 502, 503, it is said: "The effect of the holding in Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, 86, is that lapse of time will not avail to defeat a suit of this character in the absence of a fact showing amounting to estoppel."

■ The record shows that the trial court refused to submit to the jury appellant's requested special issue No. 1 inquiring as to whether the delay of appellee in drilling said well led appellant into believing that it did not intend to drill the well, and special issue No. 2 inquiring as to whether appellant's conduct had misled appellee into drilling the well. The record also shows that prior to the drilling of the well in question appellee was threatened with a lawsuit on the part of its royalty owners to force the drilling of the well. The record is silent as to what caused appellee to drill the well, the threat on the part of the royalty owners, or the failure on the part of appellant to sooner bring this suit.

Under above authorities, we think that the trial court erred in failing to submit to the jury an issue inquiring as to appellee's reliance on the fact that appellant had acquiesced in the action of the Railroad Commission in granting the permit to drill said well.

■ Another essential element of equitable estoppel is that the person claiming it as a defense must have been induced to alter his position in such manner that he will be injured if estoppel is not declared.

■ In 21 Corpus Juris 1135, it is said: "In order to create an estoppel in pais the party pleading it must have been misled to his injury; that is, he must have suffered a loss of a substantial character or have been induced to alter his position for the worse in some material respect.

As otherwise expressed, where no available right is parted with and no injury suffered, there can be no estoppel in pais. And a fortiori, an act clearly beneficial to the person setting up the estoppel cannot be relied on. In the absence of injury, it is of course immaterial that the other elements of estoppel are present." See, also, 31 C.J.S., Estoppel, § 74.

In passing on the question involved in this appeal, our Supreme Court, in the case of Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73, 86, held: " * * * that unreasonable delay in appealing orders pertaining to well permits which cause the opposite party to act, to his injury, might give rise to a question of estoppel."

In commenting on the above holding of the Supreme Court the Austin Court of Civil Appeals in the recent case of Railroad Commission et al. v. Shell Oil Co., Inc., 165 S.W.2d 502, 503, in passing upon a similar state of facts, held the effect of said holding to be that the "lapse of time will not avail to defeat a suit of this character in the absence of a fact showing amounting to estoppel."

■ In the case of McLemore v. Bickerstaff, Tex.Civ.App., 179 S.W. 536, 538, writ of error refused, it is held: " * * * an equitable estoppel cannot be invoked except for the purpose of protecting the party claiming its benefit from some damage or loss which might result if the true state of the facts should control the determination of the controversy. The party who invokes estoppel must be able to point to some injury he will sustain, if the truth is told."

■ The record in the instant case shows that the cost of drilling and equipping said oil well was $8,322.17. It produced oil from October 24, 1935, to November 1, 1941. Appellant offered evidence, which was excluded by the trial court, to the effect that it produced a total of 36,320.03 barrels of oil and that appellee had made a net profit of $14,138.97 on its operation.

While special issue No. 2, which was submitted to the jury, inquired as to whether appellee, Midas Oil Company, had incurred heavy expense in the drilling of said well which it would not otherwise have incurred, the issue does not inquire as to whether appellee suffered a loss or was damaged by reason of appellant's

alleged delay in bringing this suit, which was, we think, an essential element under appellee's plea of estoppel under the facts and circumstances of this case.

Under the above authorities, we think that as one of the necessary elements of estoppel an issue should have been submitted to the jury as to whether or not appellee was injured by the alleged delay of appellant in bringing this action.

It follows that, in the absence of findings on the essential elements of estoppel as applied to the facts of this case, the judgment of the trial court must be reversed and the cause remanded for trial solely upon the issue of estoppel, and particularly for a determination as to whether or not appellant's delay in bringing said action was unreasonable under the facts and circumstances, and whether appellee relied upon and was influenced thereby in drilling the oil well in question, and as to whether appellee sustained loss or damages by reason of delay, if any, on the part of appellant in bringing this action.

Reversed and remanded, with instructions.

CODY, J., dissenting.

CODY, Justice (dissenting).

I concur with the judgment remanding the cause for a new trial, but not with the view expressed in the opinion that because a net profit of $14,138.97 had been realized from the well by appellee this destroys any right to avail itself of the defense of estoppel. If such view is correct, judgment should here be rendered for appellant, because it manifestly appears that the well has paid out. It is my view that if appellee can show upon a new trial that it was induced by appellant under the circumstances to change its, appellee's, position so as to work an estoppel which was available to appellee against appellant at the time the well was completed, the appellee would not lose the right to interpose such defense merely because the well paid out and made a profit. It does not follow that because appellee got its money back, together with a profit thereon, that it has been made whole. Such a view leaves out of account that appellee, if it was induced to change its position, might have gotten only a dry hole or that appellee might have more profitably employed the means used to drill such well in another venture. The purpose of estoppel is to protect him in whose favor it operates in the enjoyment of the fruits of such labors and risks as he was induced to undertake by him against whom estoppel operates. Estoppel would be of little value if it operated only until the actual loss of money put out was recouped.

I am assuming that the well here involved to some extent drained oil from appellant's property, but it necessarily also produced oil from appellee's property which appellee would not recover except from such well. Under principles of estoppel, if appellee was entitled to the benefit of estoppel at the time it completed the well, it could not be deprived of the right to continue to produce oil from its land merely because the well had paid out. The very purpose and object of drilling a well is not merely to recover the expense of drilling same, but it is contemplated that profits proportionate to risks will be made if oil is produced. The general rule is that the remedy of the adjoining owner is to protect himself by drilling an offset well. I therefore dissent to the extent indicated.