### HONEA v. COCA COLA BOTTLING CO.

### No. 4388.

Court of Civil Appeals of Texas. El Paso.
June 15, 1944.

Rehearing Denied July 13, 1944.

Application for Error Granted Oct. 11, 1944.

White & Yarborough, of Dallas, for appellant.

Henry D. Akin and Robertson, Leachman, Payne, Gardere & Lancaster, all of Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Dallas County, 101st District. Robert Honea, a minor about sixteen years of age, sued the Coca Cola Bottling Company to recover damages for personal injuries alleged to have been proximately caused by the negligence of such company. At the close of the evidence offered by the plaintiff, the trial court instructed the jury to return a verdict in favor of defendant, and upon such verdict being returned, entered judgment thereon in favor of the defendant.

Robert Honea, hereinafter called plaintiff, has perfected this appeal from the judgment.

There was evidence introduced tending to show that plaintiff was employed as a clerk in the place of business of A. S. Fronk at 315 N. Collett, Dallas, Texas; Mr. Fronk conducted a market and grocery where, among other things, Coca Cola was sold; that on or about July 28, 1942, in the course of his employment, plaintiff had occasion to move a case of Coca Cola that had very shortly before been delivered by defendant to Mr. Fronk and placed by defendant's delivering employee in Mr. Fronk's place of business; a Coca Cola case is divided into twenty-four compartments, each compartment containing a bottle of that beverage; the width of the case is four compartments, its length six compartments; a case filled with Coca Cola bottles weighs something like forty pounds; at each end of the case there is a handle or place provided for use in handling the case. It is thought that judicial notice may be taken of the general characteristics of a Coca Cola case. Plaintiff undertook to move a full case of Coca Cola by taking hold with his left hand of the two last bottles in the two central rows of one end and with his right of the two corresponding bottles at the other end of the case. While he was thus carrying the case one of the bottles held in his right hand exploded and broke, and as a result thereof

his right wrist was seriously and perhaps permanently injured.

The evidence is sufficient to support a finding that from the time the case of Coca Cola was placed in the store by the defendant until plaintiff undertook to move same, no one else had handled the case or in any way interfered with same.

Plaintiff tendered testimony, to which objection was sustained by the court, that he had been told by employees of defendant before the incident complained of that the manner in which he was handling the case at the time he was injured was the proper way to handle same; that before his accident he had frequently seen employees of defendant so handle Coca Cola cases when making deliveries to the store. Due exception was taken by plaintiff to the rejection of this testimony. Plaintiff plead many specific grounds of negligence, among others, that the bottle as prepared by defendant was highly charged with an excessive amount of carbonic gas or other explosive gas rendering it liable to so explode and injure one handling the same.

It is thought unnecessary to set out the various specifications of negligent acts or omissions made in the petition. There was no inherent defect charged as to the bottle. The fourteenth subdivision of plaintiff's petition was as follows: "Plaintiff here and now gives notice to the defendants and each of them that he will not be confined to the specific acts of negligence but that he is relying on the general allegations of explosion and defectiveness and the overcharging of said bottle of coca-cola with carbonic gas or other substance which is and was highly explosive, all of which the defendants and each of them will take due notice."

■ Plaintiff had the burden of showing that he was injured by the explosion of a Coca Cola bottle while handling same. There was evidence to raise that issue. Plaintiff so testified and he is in a measure corroborated by the testimony of his employer, Mr. Fronk. Mr. Fronk testified he was in the same building where the accident occurred, but at some distance from the scene thereof; that he heard the explosion. He was not able to accurately describe the nature of the sound. A jury might conclude that it was more probable that the bottle broke through the manner in which plaintiff handled same and that no explosion occurred. Even though this be true, the testimony raises the issue. Plaintiff was under the further burden of showing that defendant was guilty of negligence in the premises. Defendant's negligence, giving the widest scope to plaintiff's pleadings, could only be shown by showing want of ordinary care in compounding and bottling the liquid beverage called Coca Cola. The compounding and bottling of the beverage was under the exclusive control of the defendant. It is thought that plaintiff's petition inferentially avers that fact.

■ Judicial notice may be taken that throughout the world by many people Coca Cola is regarded as a harmless, agreeable and wholesome beverage; that properly compounded, bottled and handled, there is no danger of same exploding. There was no evidence on how the beverage was compounded or bottled.

■ Plaintiff's position here is that when he introduced proof that his personal injuries occurred substantially in the manner alleged by him and introduced proof of an explosion of the contents of the bottle, that negligence was raised as an issue of fact,—an issue of fact which he was entitled to have submitted to the jury. In short, he invokes the doctrine denominated as res ipsa loquitur. In our opinion, the pleading of the plaintiff, a part of which we have quoted, was sufficient to invoke the doctrine in respect to an explosion of the contents of the bottle. Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659.

It then becomes a question of the sufficiency of the evidence to raise negligence as an issuable fact. Plaintiff in his brief cites only two cases to support his contentions. These are: Benkendorfer v. Garrett, Tex.Civ.App., 143 S.W.2d 1020, and Wichita Falls Traction Co. v. Elliott, 125 Tex. 248, 81 S.W.2d 659. The first case is from the San Antonio Court of Civil Appeals. Application for writ of error was denied therein by the Supreme Court for want of merit. In that case a recovery was upheld based on the doctrine of res ipsa loquitur from the unexplained explosion of a bottle of Dr. Pepper. Dr. Pepper, we take it, is a like beverage having the same general characteristics of Coca Cola. There was in the case no evidence of any strain or stress in the manner of handling of the bottle. Eliminating here that question, the case by the San Antonio Court presents almost a parallel situation.

The materiality of this distinction is to be considered in the light of the issue here

presented as to whether or not the court erred in instructing a verdict in favor of the defendant.

■ In a long line of cases it has been held that where an instrumentality producing the injury has passed from the custody of the manufacturer, in order to invoke the doctrine of res ipsa loquitur, it must be shown there is no intervening cause producing the injury. Davis v. Castile, Tex.Com.App., 257 S.W. 870; Alagood v. Coca-Cola Bottling Co.., Tex.Civ.App., 135 S.W.2d 1056; Tayer v. York Ice Machinery Co., 342 Mo. 912, 119 S.W.2d 240, 117 A.L.R. 1414; 4 A.L.R. 1095; 8 A.L.R. 502; Stolle v. Anheuser-Busch, 307 Mo. 520, 271 S.W. 497, 39 A.L.R. 1006; Noonan v. Great Atlantic & Pacific Tea Co., 104 N.J.L. 136, 139 A. 9, 56 A.L.R. 593.

The negligence sought to be inferred must have occurred while the instrumentality was in the custody of the defendant—the manufacturer.

The assumption of plaintiff is, we think, that the bottled beverage was charged with gas. No complaint is made of this by the defendant. The inference plaintiff sought to have drawn was that same was negligently overcharged with gas, or that the negligent compounding of the beverage generated undue gas pressure.

In Benkendorfer v. Garrett, supra, the question of the necessity of showing that nothing happened to the bottle when out of the possession of the manufacturer is recognized. It was there· stated, in substance, the burden was not on the plaintiff to conclusively show such fact. It was held that the burden was to establish same by preponderance of the evidence.

■ Here, the plaintiff handled the bottles in a way and manner that it would appear was not contemplated. There were handholds on either end of the case. In the way the case was handled a stress and strain was placed on the bottles. Well might it be inferred that such stress and strain weakened the bottle to which it was applied. It is perhaps as reasonable to attribute the explosion to the manner in which plaintiff handled the case as to any negligence in bottling or compounding the beverage. It is thought that it must be conceded that incident to the proper compounding and bottling of the beverage the container was subject to some gas pressure. With this concession, it may be as reasonably inferred that a cracking or weakening of the bottle caused same to explode, as to infer that undue gas pressure was the cause of the explosion.

■ Plaintiff realized that the burden was upon him to show that the accident was not brought about by his manner of handling the case. To this end, he sought to testify that he had seen employees of defendant so handling the cases; that he had been told by employees of defendant that this was the proper manner of handling the cases. Of course this evidence was not for the purpose of showing freedom from contributory negligence. Its purpose was to show that nothing had intervened after defendant had parted with custody of the bottle that might have caused the explosion. If this testimony had been offered on the issue of contributory negligence a different question would have been tendered as to its admissibility and probative force. Evidence that the employees of defendant customarily handled the product in this manner, coupled with a showing of the existence of the custom for such a length of time that defendant might be charged with notice thereof, might have been admissible. Evidence of a long standing custom on the part of the customers of defendant might have been admissible.

Defendant is not here charged with the negligence of any of its employees in the manner they physically handled the product after it was produced. In fact the evidence rejected was tendered to show that their mode of handling the product was a proper and customary way of handling same, to the end that it might be inferred that plaintiff had properly handled the case in question.

In our opinion, the court did not err in sustaining the objection to the testimony offered.

Our conclusion that the court did not err in its refusal to submit this case to the jury is supported in a measure by the following cases: Texas & Pacific Coal Co. v. Kowsikowsiki, 103 Tex. 173, 125 S.W. 3; Davis v. Castile, Tex.Com.App., 257 S.W. 870; Bubble Up Bottling Co. v. Lewis, Tex.Civ.App., 163 S.W.2d 875.

The case of Texas & Pacific Coal Co. v. Kowsikowsiki, supra, has been cited with approval in numerous Texas cases.

As has been stated, in a case like this, negligence must be shown to have occurred while the bottle was in the physical custody of the defendant. The negativing of other knowable or probable causes by the plaintiff after the bottle has left the

custody of the defendant is necessary in order to invoke the doctrine.

The judgment in this case recites that defendant made a motion for an instructed verdict. If such motion was written, it is not included in the transcript. Rule 268, Texas Rules of Civil Procedure, requires a motion for directed verdict shall state the specific grounds therefor. This rule does not specify that the motion shall be in writing, although we think the spirit thereof is that it should be a written motion. The rule does not prevent the court from withdrawing the case from the jury on its own motion. Rudco Oil & Gas Co. v. Gulf Oil Corp., Tex.Civ.App., 169 S.W.2d 791, error refused.

In most cases knowledge of the grounds upon which the trial court acted in instructing a verdict would be of benefit in considering an appeal from the action.

The judgment of the trial court is affirmed.