**BELL v. STEPHENSON et al.**
**No. 11501.**

Court of Civil Appeals of Texas.
San Antonio.
March 28, 1945.

Rehearing Denied April 25, 1945.

See, also, 187 S.W.2d 152.

E. A. McDaniel, of McAllen, for appellant.

Strickland, Ewers & Wilkens and Magus F. Smith, Jr., all of Mission, for appellees.

MURRAY, Justice.

This suit was instituted by J. W. Stephenson against J. L. Bell, seeking to recover an assignment of a real estate commission from W. H. Giles, J. P. Moore and F. M. Robinson. The trial was before the court without the intervention of a jury and resulted in judgment in plaintiff's favor in the sum of $1350. From which judgment J. L. Bell has prosecuted this appeal.

■ Appellant's first point reads as follows: "W. H. Giles, the person under whom the duty fell, having failed to find a purchaser for the 80 acre tract in the contract described, within the period of time therein specified, none of the assignors were entitled to a commission and, therefore, the Plaintiff is not entitled to recover."

This point is criticized by appellee as being too general and not pointing out the error of the court complained of. We think the criticism is well taken but, in keeping with the liberal construction given to the briefing rules, we will consider this point as raising a question of insufficiency of evidence to support the judgment.

■ A contract was entered into between J. L. Bell and W. H. Giles, whereby Bell agreed to purchase 320 acres of land, known as the John Wilde farm, in Willacy County, Texas. Eighty acres of this farm was in citrus trees. One E. B. Huckaby was to purchase the 80 acres of citrus trees. The contract contained the further provision, to-wit: "If the said Huckaby fails and refuses to pay for the eighty (80) acre orchard, the sum of $28,000, and the said J. L. Bell buys the entire tract for himself, it is agreed that Bell will pay the above commissions as set out, or demand that the above W. H. Giles sell the eighty acre orchard for the sum of $28,000, netting the said Bell $26,650.00 for the said eighty acre orchard, said deal to be made on or before thirty days from date, J. L. Bell receives title to the eighty acres."

The contract provided for payment of a real estate commission of $450 to W. H. Giles and a like sum to J. P. Moore and F. M. Robinson. The benefits of the contract were assigned to J. W. Stephenson. The land was conveyed to J. L. Bell, and Huckaby refused to pay for the eighty acre orchard. The deed conveying the entire 320 acres was filed for record in the office of the County Clerk of Willacy County on April 2, 1943. Giles testified that Bell never did demand that he sell the eighty acres for the sum of $28,000. He could have so sold it any day if Bell had only requested him to do so. The witness Giles further testified as follows: "There were several fellows—I do not remember their names—two or three fellows there—they asked whether it would be a good judgment. I said, 'Mr. Bell owes Mr. Stephenson, he does not owe me.' Mr. Bell said, 'I do not know.' 'I have got the money to pay it to whoever the court says to pay it to. That is how I will pay it. I owe the money.' There were

two or three fellows in the office at that time."

Appellee Stephenson testified that after the assignment of the contract he asked Mr. Bell if he was going to pay the commission, or did he want Giles to sell the orchard as specified in the contract, and that Mr. Bell made no reply, and he, Stephenson, said "I think I can sell that orchard" and Mr. Bell said "What in hell are you waiting for?"

This evidence was sufficient to support the implied finding of the trial court to the effect that Bell never did request Giles to sell the orchard for $28,000, so that it would net him the sum of $26,650, after the commission was deducted. It is clear, under the contract, that it was not Giles' duty to sell the orchard unless requested to do so within thirty days after the 320 acres had been conveyed to J. L. Bell.

Appellant's third point is as follows: "The Plaintiff was not entitled to recover $450.00 assigned to him by F. M. Robinson as commission arising to Robinson, for the reason that the said Robinson was entitled to no commission because he was not a licensed real estate dealer at the time of the transaction."

We overrule this point. It is not shown that F. M. Robinson was to render any services in consideration for this $450. The mere fact that a real estate commission is made payable in part to a third party does not of itself render the contract illegal. Sec. 20, Art. 6573a, Vernon's Ann. Civ.Stats., reads as follows: "It shall be unlawful for any real estate dealer or real estate salesman to offer, promise, allow, give, or pay directly or indirectly any part or share of his commission or compensation arising or accruing from any real estate transaction to any person who is not a licensed dealer or salesman *in consideration of service performed or to be performed by such unlicensed person,* and no real estate salesman shall be employed by or accept compensation from any person other than the dealer under whom he is at the time licensed, and it shall be unlawful for any licensed real estate salesman to pay a commission to any person except through the dealer under whom he is at the time licensed." (Italics ours.)

It is clear that only where a real estate agent pays, etc., a portion of his commission to another person *"in consideration of*

*service performed or to be performed by such unlicensed person"* is such act prohibited. We are not cited to any evidence which shows that this $450.00 was made payable to Robinson *in consideration of service performed or to be performed by him.*

Appellant's other points are without merit and are overruled.

The judgment is affirmed.