The appellant's motion for rehearing is overruled.

Opinion approved by the Court.

### CRAFT et al. v. HAHN et al.
### No. 2908.

Court of Civil Appeals of Texas. Eastland.

Jan. 11, 1952.

Rehearing Denied Feb. 22, 1952.

898

T. R. Odell, Lubbock, for appellants.
Morris G. Watson, Roby, for appellees.

LONG, Justice.

Appellees filed this suit in trespass to try title to 1/8th interest in the mineral in 656 acres of land in Stonewall County. They also filed an alternative plea that a mineral conveyance from appellants to appellees which, upon its face, conveys a 1/64th interest in the minerals in and under the land was meant to convey a 1/8th interest in the minerals. Appellants answered by general denial, a plea of not guilty and further plead the three, five, ten and twenty-five year Statute of Limitation. Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519. The court submitted the following special issue to the jury: "What mineral interest do you find from a preponderance of the evidence was meant to be conveyed by the defendants, J. J. (Joe) Craft and Jesse F. Craft, to the plaintiff, Mrs. Addie Hahn, under the mineral deed dated March 10, 1926?"

To this issue the jury answered 1/8th. The court entered judgment for appellants for all of the land involved except an undivided 1/8th interest in oil and gas and other minerals therein which 1/8th interest

was vested in appellee, Mrs. Addie Hahn. J. J. (Joe) Craft, and others, have appealed.

■ Appellants, by their first point, contend the court erred in refusing to give an instructed verdict in their favor. Rule 268, Texas Rules of Civil Procedure, provides that a motion for directed verdict shall state the specific grounds therefor. We find no such motion in the record. Appellants excepted to the court's charge for its failure to direct a verdict in their favor, but the exception does not give any reason or state any grounds therefor. Consequently, under Rule 268 and Honea v. Coca Cola Bottling Co., Tex.Civ.App., 182 S.W.2d 512; Wright v. Carey et al., Tex.Civ.App., 169 S.W.2d 749; Johnson Aircrafts, Inc., v. Wilborn et al., Tex.Civ.App., 190 S.W.2d 426; Patrick v. McGaha, Tex.Civ.App., 164 S.W.2d 236; Reeves v. Houston Oil Co. of Texas, Tex.Civ.App., 230 S.W.2d 255, we must overrule this point.

Furthermore, appellants did not file a motion for judgment notwithstanding the verdict.

By other points, appellants challenge the sufficiency of the evidence to sustain the verdict of the jury. The jury found that it was the intention of appellants to convey to appellees ⅛th of the minerals in and under the land in question. Appellants say the evidence is insufficient to show that appellants intended to convey ⅛th of the mineral. J. J. Craft, Sr. and wife, Rosa A. Craft, were the father and mother of appellants, J. J. (Joe) Craft and Jesse Craft, and appellee, Mrs. Addie Hahn. J. J. Craft, Sr. and wife conveyed all of the land to J. J. (Joe) Craft and J. F. Craft. Mrs. Hahn became dissatisfied with this arrangement and contended even though her father and mother were living, that she was entitled to a child's part in the land. There were eight children in the family of J. J. Craft, Sr. and wife, Rosa A. Craft. In 1926 negotiations were begun between the parties looking to a settlement of the controversy. At that time, there was some oil activity in the community and Arkansas Gas & Fuel Company held an oil and gas lease upon the land. Mrs. Hahn testified

positively that it was her understanding that she was to receive an undivided ⅛th interest in the minerals. Her husband testified to the same effect. J. J. (Joe) Craft testified as follows:

"Q. Did you intend to convey to her one barrel out of every sixty-four? A. Ed Hahn come down and he put it to us, a well making sixty-four barrels, she would get one and we would get sixty-three. That's the way he explained it.

"Q. A well making sixty-four barrels, she would get one? A. Yes, sir."

Jesse Craft testified as follows:

"Q. You proposed by that instrument, according to your testimony, to convey to her ⅟₆₄th of the minerals? A. Yes.

"Q. That is, one barrel out of every sixty-four barrels that might be produced from that land? A. Yes, sir."

Another witness testified for appellee and substantiated to a certain extent the testimony of Mr. and Mrs. Hahn. The mineral deed dated March 26, 1926 provided, in part, that appellants conveyed, assigned and delivered to appellees, Mr. and Mrs. Hahn, an undivided ⅟₆₄th interest in and to all of the oil, gas and other minerals in and under and that might be produced from the land. It contained thereafter the following provision: "Said land being now under an oil and gas lease executed in favor of Arkansas Fuel Oil Company it is understood and agreed that this sale is made subject to the terms of said lease, but covers and includes ⅛ of all the oil royalties and gas rental or royalty due and to be paid under the terms of said lease."

There is no provision in the mineral deed as to the royalty to be paid under any future oil and gas lease.

■ We have concluded from all of the facts and circumstances in this case that the jury was justified in finding that it was the intention of the parties to convey to Mrs. Hahn a ⅛th interest in the minerals. We hold the evidence sufficient to sustain the finding of the jury.

■ Appellants also complain because there is no finding by the jury that J. J.

Craft, Sr., and wife, Rosa A. Craft, intended to convey a ⅛th interest in the minerals. We find no merit in this contention. The record discloses that J. J. Craft, Sr. and wife had no interest in the land at the time they executed the mineral deed to Mrs. Hahn. The land at that time was owned by J. J. (Joe) Craft and Jesse Craft and it was, therefore, not necessary to have a finding as to the intention of J. J. Craft, Sr. and wife.

■ Appellants make the contention that the judgment of the court did not reform the mineral deed so as to show that it conveyed ⅛th of the minerals instead of 1/64th and that, therefore, judgment should have been entered in favor of appellants. It is our view that the judgment of the court, although not stating so in specific terms, had the effect of reforming the deed dated March 10, 1926 and caused it to convey a ⅛th of the minerals instead of a 1/64th. If we should be mistaken in this and should conclude that such a judgment should be entered under our Rules of Civil Procedure, it would be our duty to reform the deed and enter the kind of a judgment that should have been entered by the trial court.

■ The court admitted evidence as to certain conversations between the parties had prior to the execution of the mineral deed in question. Appellants contend that this is error for the reason that any such agreements were merged into the written instrument and that parol testimony is, therefore, not admissible with reference thereto. Extrinsic evidence to contradict the legal effect of a deed ordinarily is inadmissible. Such evidence is not admissible in the absence of allegations of fraud, accident or mistake in the preparation or in the execution of such instrument. Davis v. Davis, et al., 141 Tex. 613, 175 S.W.2d 226.

However, in this case, appellees plead a mutual mistake in the preparation and execution of the mineral deed. Consequently, the evidence about which complaint is made is admissible.

"The parol evidence rule does not apply where it is alleged and proved that, by reason of mutual mistake of fact or accident, the agreement fails to embody all of the terms of the contract actually made, or does not express the real intention of the parties; and in such a case extrinsic evidence is admissible to show what the real contract was." 17 Tex.Jur., page 838, Sec. 380.

■ Appellees having plead mutual mistake and the evidence tending to support such allegation, it is our conclusion the trial court did not err in admitting the parol evidence with reference to the execution and preparation of the mineral deed. We have carefully examined all points of error raised and are of the opinion that reversible error is not shown.

The judgment is affirmed.

### On Motion for Rehearing

■■ Appellants, in their motion for rehearing, request permission to submit an additional point complaining of the action of the trial court in failing to submit the question of limitation to the jury. If this point had been properly presented, no error would be shown. Appellants plead limitation but failed to request the court to submit an issue thereon to the jury. This was an affirmative defense and it was incumbent upon appellants to request the submission thereof to the jury and failing to do so, the issue was waived. Wichita Falls & Oklahoma Ry. Co. et al. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Texas Rules of Civil Procedure, Rule 279.

The motion for rehearing is overruled.