Trudy MORROW, Appellant,

v.

Otis Lee MORROW, Appellee.

No. 14469.

Court of Civil Appeals of Texas.

Houston.

Feb. 18, 1965.

Thomas J. Lykos, Nile E. Ball, Houston, for appellant.

No brief filed for appellee.

BELL, Chief Justice.

Appellant was awarded a divorce from appellee. There was a division of the community property and appellant complains here of the court's judgment only insofar as the division of the property is concerned.

The judgment of the court awarded the appellant the equity in the home at 7706 Greendown Street in Houston, which equity he could have found to be valued at approximately $1189.00. The furniture in the house, which the court could have found to be of the value of approximately $1,000.-00 was awarded to appellant. The Chevro-let Impala, valued at $1890.00, was awarded appellant. Appellee was ordered to pay an indebtedness of $418.00 owed on the automobile, and an indebtedness of $468.12 owed on the furniture. Appellee was also ordered to pay appellant $1100.00 in cash.

The judgment awarded appellee the community interest in the Allen Plumbing Company and the Denver-Allen Plumbing Company, both of which were partnerships, the value of which the court could have found to be $3,000.00. There were two pieces of real estate owned by appellee before his marriage that were awarded to him. The court could have found $1820.00 of com-

munity funds had been used to reduce the separate indebtedness of appellee against one of these properties. Too, certain furniture in the house on Ridgeway Street of the value of $472.00 was awarded appellee.

Taking the above values of the property as awarded by the court to appellant and considering the $1100.00 cash awarded the appellant, we find the total value of properties to her was $6,180.00. Considering the values of the property awarded by the court to appellee, he received property of the value of $5,292.00, but appellee had to pay debts of $886.00.

Appellant attacks the court's findings that the equity in the home was worth $1190.00; that the furniture awarded appellant was worth $1,000.00; and that the interest in the two plumbing companies was of the value of $3,000.00. Too, appellant says even if these values are correct the division is so inequitable as to require it to be set aside.

■ Appellant filed a motion asking that a supplemental transcript containing the findings of fact be filed. In previous action we determined to carry the motion with the case. We have now determined that we cannot consider the findings of fact, but we grant the motion to file the supplemental transcript because it does contain the motion calling the court's attention to failure to file the findings of fact.

■ The order overruling the motion for new trial was signed April 27, 1964. On May 12, 15 days later, a request was made to the judge that he file his findings. This was not within the time for such request required by Rule 296, Texas Rules of Civil Procedure. On May 22, a motion was filed calling attention to the failure to file the findings. The findings were not signed by the judge until November 12, 1964. Additional findings were not filed until November 17, 1964. The transcript was filed in this Court June 18, 1964 and the statement of facts was filed August 3, 1964. Our jurisdiction had vested and the time provided for filing findings of fact had long expired before they were approved by the judge.

We have, however, a full statement of facts which we have studied. We can consider the point urged by appellant, that the division of the property is so inequitable as to be unjust. In appraising this point we can look to the statement of facts and see if evidence as to values of the property set aside to each party, as reflected by the statement of facts, makes the division inequitable.

■ Appellant argues that the equity in the home awarded appellant was only $671.-00. This is based on evidence showing a reduction in the indebtedness on the house and the cost of some materials, as testified to by appellant, in improving the property. There is other evidence that the value of the home above the indebtedness was about $1500.00. She argues that the value of the community interest in the furniture awarded her was only $445.00. Frankly, the evidence on this point is most confusing, though there is some testimony this was its value. However, we think on deciphering the testimony there is testimony from appellee that there was more value than this and that appellant in fact got some of his separate property. Further in argument appellant says the community interest in C. W. Allen Plumbing Company and Denver-Allen Plumbing Company must have been undervalued by the court. From the evidence the court could have concluded that the market value of the interest was $3,000.00. The book value was substantially in excess of $3,000.00, but there is testimony that the market value was approximately $3,000.00. It must be remembered that these concerns were partnerships and no partner owns any of the specific property that can be reached and sold as individual property, and a withdrawal of a partner dissolves the partnership, necessitating liquidation. These factors greatly

affect the market value of partnership property.

We cannot say the division of the property made by the Court is inequitable.

Affirmed.