The UNITED FARM WORKERS,
AFL–CIO and Rebecca Flores
Harrington, Appellants,

v.

H. E. BUTT GROCERY COMPANY,
Appellee.

No. 1571.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 22, 1979.

Rehearing Denied Nov. 29, 1979.

James C. Harrington, Oficina Legal Del Pueblo Unido, San Juan, for appellants.

Phillip J. Pfeiffer, Fulbright & Jaworski, Houston, for appellee.

OPINION

BISSETT, Justice.

This is an appeal by defendant United Farm Workers Union, its officers and Rebecca Harrington [UFW] from a temporary injunction granted in favor of plaintiff H. E. Butt Grocery Company [HEB]. HEB alleged generally that the UFW was conspiring to commit unlawful acts against it. Specifically, HEB accused the UFW of engaging in secondary boycott activity, unlawful restraint of trade, interference with the public's right of ingress and egress, interference with employees' right of ingress and egress, and the use of insulting, threatening and obscene language, oral misrepresentations and slanderous statements. A temporary injunction was requested pending a trial on the merits.

The 197th District Court of Cameron County temporarily enjoined the UFW from:

"1. Picketing or engaging in any picketing activities, including the stationing or posting of one's person or of others for and/or in behalf of any of the Defendants, at any of Plaintiff's premises or facilities, including adjacent parking lots, parking lot exists and entrances, and adjacent sidewalks;

2. Any demonstrations, whether oral, written or visual, at any of Plaintiff's premises or facilities, including adjacent parking lots, parking lot exits and entrances, and adjacent sidewalks and streets;

3. From carrying or displaying signs, posters, flags or banners at any of Plaintiff's premises or facilities, including adjacent parking lots, parking lot exists and entrances, and adjacent sidewalks and streets;

4. Inducing, or attempting to induce, any customer or potential customer of Plaintiff to refrain from shopping at or doing business with Plaintiff where such occurs at any of Plaintiff's premises or facilities, including adjacent parking lots, parking lot exits and entrances, and adjacent sidewalks and streets;

5. Indicating or suggesting the existence of a strike by Defendants against Plaintiff or of the existence of a labor dispute between Defendants and Plaintiff; . . ."

As a "limited exception" to the injunction, the UFW was expressly permitted by the court to pass out leaflets at HEB premises or facilities provided the following conditions were at all times satisfied:

"(a) Such leafleting is at all times peaceful and does not involve blocking or restricting ingress and egress;

(b) the leaflets only ask that customers refrain from purchasing California-Iceberg lettuce or Chiquita bananas, if such products are being handled by Plaintiff at the premises or facility being leafleted, and the leaflets clearly state that Defendants have no labor dispute with Plaintiff and there is no strike by Defendants against Plaintiff and that Defendants are not urging customers to boycott Plaintiff or to refrain from shopping at Plaintiff's premise or facility;

(c) Such leafleting is not accompanied by any oral communication;

(d) The leafleting is performed by no more than two persons per public entrance to the premise or facility of Plaintiff which is the subject of the leafleting; and

(e) No vehicular traffic is stopped or interfered with and no effort is made to distribute leaflets to the occupants of automobiles coming onto Plaintiff's premises or facilities until after said automobiles have been parked."

A statement of facts was not filed in this case. The record upon which we dispose of this appeal consists of a transcript only.

At a hearing upon the request for a temporary injunction the only question before the trial court is whether the applicant is entitled to preservation of the status

quo of the subject matter of the suit pending trial on the merits. On appeal from an order granting a temporary injunction, the reviewing court is limited to a consideration of whether the trial court abused its discretion in making the foregoing determination.

In the instant case, judgment of the trial court was signed on July 20, 1979. UFW, in its "designation for Transcript," made on July 23, 1979, requested the district clerk of Cameron County, Texas, to prepare a transcript which, "in addition to any other matters required by law or the Texas Rules of Civil Procedure," would contain:

"(1) Plaintiff's Original Petition;

(2) temporary restraining order;

(3) temporary injunction."

Nothing further was requested by UFW. The transcript was timely filed in this Court on August 6, 1979. At that time, request for findings of fact and conclusions of law had neither been requested nor filed. No motion for an extension of time within which to file the original transcript was made.

▮▮▮ Contemporaneously with the filing of the transcript, UFW presented to the Clerk of this Court, for filing, several pages of dialogue between the trial judge and counsel for UFW, which took place during a hearing held on July 12, 1979. These pages, entitled "PRELIMINARY FINDINGS OF FACT," were signed by the court reporter and by no one else. The clerk of this Court marked the document "Received," and, pursuant to our instructions, did not file the same as part of the record. On August 9, 1979, UFW filed in this Court a motion "for an extension of time within which to file the Preliminary Findings of Fact." The motion was carried with the case.

The case was set for submission and oral argument on September 17, 1979. On that day, UFW filed a motion in this Court for leave to file a supplemental transcript which would include "the Findings of Fact and Conclusions of Law to be made by the District Judge below." This motion was also carried with the case. The trial judge, by letter dated October 2, 1979, advised all parties and the clerk of this Court that he

will make findings of fact and conclusions of law.

The making and filing of findings of fact and conclusions of law are controlled by Rule 296–299, T.R.C.P. Under Rule 296, the party who desires that findings and conclusions be made shall request the same of the trial judge, "which request shall be filed within ten days from rendition of final judgment or order overruling motion for new trial." Rule 297, in part, provides that when such a request is made, the trial judge "thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law." With respect to an appeal from an order granting a temporary injunction, the time for the filing of findings of fact and conclusions of law, if the trial judge in his discretion sees fit to make them, is necessarily limited to twenty days from the date that the order granting a temporary injunction was signed. Rule 385(e), T.R.C.P.

Even in appeals from final judgments, which are not subject to the more strenuous rules imposed on expedited interlocutory appeals, Texas courts have not allowed findings and conclusions to be considered when received after the latest time established by the Rules for filing the transcript and statement of facts. For example, in *Bell v. Stephenson*, 187 S.W.2d 153 (Tex. Civ.App.—San Antonio 1945, no writ), appellant moved to delay the submission of the cause for 30 days since findings and conclusions had not been prepared in time for inclusion in the transcript filed 60 days after judgment as required by the Rules. In overruling the motion the court stated, "[W]e are of the opinion that we could not consider findings and conclusions which were prepared and filed after the time prescribed by the rules . . . ." Id. at 153.

In *Morrow v. Morrow*, 387 S.W.2d 480 (Tex.Civ.App.—Houston 1965, no writ), the appellate court refused to consider findings and conclusions which were signed and filed after the latest time for filing the record in accordance with the Rules (60 days for appeals from final judgments). The court

concluded: "Our jurisdiction had vested and the time for filing findings of fact had long expired before they were approved by the judge." Id. at 481. In the instant case, the time for filing had long expired before UFW even requested formal findings; and, further, such findings were still not in existence at the time its motion for extension of time was filed. It has been held that supplemental findings filed in the trial court after expiration of the period for filing the transcript will be disregarded in determining an appeal. See *Ott v. Ott*, 245 S.W.2d 982 (Tex.Civ.App.—Beaumont 1952, no writ).

The findings and conclusions which the trial judge may make and which UFW intends to file in this Court cannot properly become part of the record in this appeal under Rule 385(b), (e), T.R.C.P. While UFW's motion states that it has moved the trial court "to make and to file Findings of Fact," such motion was made on September 8, 1979, some 50 days after the order granting the temporary injunction was signed and some 30 days after the latest date for filing of the record in this appeal. Rule 385(e) states:

"In all appeals from interlocutory orders there shall be no motions for new trial, and the trial judge need not file findings of fact or conclusions of law, provided however, it shall be permissible for the trial judge to file findings of fact and conclusions of law, *if they are filed so as not to delay the filing of the record in the appellate court.*" (emphasis supplied)

Thus, findings and conclusions are not required in conjunction with appealable interlocutory orders; they are permissible only "if they are filed so as not to delay the filing of the record in the appellate court." If they were allowed to become part of the record in this appeal, the completed record would have been delayed at least 7 weeks. Allowing such substantial delay of the filing of the record in this interlocutory appeal would be in complete disregard of the letter, intent, and purpose of Rule 385(e).

In *Taylor v. American Emery Wheel Works*, 480 S.W.2d 26 (Tex.Civ.App.—Corpus Christi 1972, no writ), the appellant, after the expiration of the time for the filing of a statement of facts, filed a motion in this Court for leave to file a supplemental transcription of what occurred at a special subsequent hearing before the trial judge. We denied the motion, and said: "To grant appellant's motion . . . would in effect, extend the time for filing of a statement of facts beyond the limits imposed by Rule 386, T.R.C.P. This, we cannot do." The same rule, logic and reasoning applies to the filing of findings and conclusions in the case at bar. To allow UFW to file findings and conclusions at this time would, in effect, extend the time for filing the complete record in the appellate court well beyond the 20-day limit imposed by Rule 385(b), T.R.C.P.

UFW has not shown good cause as to why its request to the trial judge to make findings and conclusions was not timely made. "If the party enjoined wishes detailed findings of fact and conclusions of law he may seek them under the provisions of Rules 296 and 385(e)." *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549, 553 (1953). UFW's failure to comply with either Rule 296 (no request within 10 days after rendition of judgment or order overruling motion for new trial), Rule 385(b) (no request within 5 days after the termination of the 20-day period), or Rule 385(e) (no request which would not delay the filing of the record), supplies additional impetus for not allowing UFW now to seek refuge in the arms of Rules 428 and 429, T.R.C.P., which provide for amendments to the record in case of material omissions or where defects appear in the record after submission of the case.

Rules 428 and 429 are inapplicable to this case. The transcript filed herein, which was prepared in exact accordance with UFW's instructions, did not "omit" findings and conclusions for the simple reason that none had been made at the time the transcript was filed. It is not shown that a defect appears in the record after submission. Rules 428 and 429 regarding amendments must be read in conjunction with

other Rules and the overall purpose of the Rules. Rule 1, T.R.C.P. UFW became dissatisfied with the state of the record which they designated and filed. HEB did not in any way interfere with UFW's ability to timely obtain findings of fact. Now, for the first time, UFW wishes a new record to be created and considered by obtaining findings and conclusions after the time for filing the record has expired and after the case has been submitted. In essence, UFW asks that it be permitted to "start over" with this appeal. We do not agree. See *King v. Cron*, 285 S.W.2d 833 (Tex.Civ.App. —San Antonio 1956, writ ref'd n. r. e.), cert. denied, 352 U.S. 843, 77 S.Ct. 67, 1 L.Ed.2d 59 (1956).

The pages denominated "Preliminary Findings.of Fact" are, as has been said, a transcription of dialogue between the trial judge and counsel for UFW which occurred at the hearing on the application by HEB for the issuance of a temporary injunction. It purports to be a partial statement of facts. But, it cannot be filed in this Court as a partial statement of facts since the transcription was neither signed by the parties nor approved by the trial court, as required by Rule 377, T.R.C.P. UFW's motion for an extension of time to file preliminary findings of fact, filed in this Court on August 9, 1979, is denied. UFW will not be permitted to file a supplemental transcript which will contain yet-to-be-prepared findings and conclusions as requested by UFW in its motion which was filed in this Court on September 17, 1979, the day the case was submitted and oral arguments were heard. All litigants are entitled to a prompt and expeditious determination of appeals, and to grant UFW's motions would, in effect, not only allow it to start over in its appeal, but would require an unwarranted delay in the disposition of this appeal. No extraordinary circumstances have been shown to justify such action. UFW's motion to file a supplemental transcript is also denied.

What we have said in no way relates to the right of either party to amend the record in the manner prescribed by Rules 428 and 429, T.R.C.P. As already noted, UFW's motions do not constitute an attempt to amend the record.

██ Where findings of fact or conclusions of law are not filed the trial court's judgment must be upheld on any legal theory supported by the record. *Davis v. Huey*, 571 S.W.2d 859 (Tex.Sup.1978); *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.Sup.1968). Therefore, we must presume that the trial court's action in granting the temporary injunction was not an abuse of discretion, *State v. Friedmann*, 572 S.W.2d 373 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n. r. e), unless the court's order reveals fundamental error. *Morin v. Morin*, 561 S.W.2d 263 (Tex.Civ.App.—Corpus Christi 1978, no writ).

██ Fundamental errors are those which directly and adversely affect the public interest as that interest is declared in the statutes or constitutions of the state or of the United States. *Douthit v. McLeroy*, 539 S.W.2d 351 (Tex.Sup.1976); *Newman v. King*, 433 S.W.2d 420 (Tex.Sup.1968); *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947).

Raising the issue of facial unconstitutionality, the UFW presents three points of error as a basis for our review of the temporary injunction. The first and third points essentially contend that the injunction is unconstitutionally broad. The second point contends that the injunction constitutes an unconstitutional prior restraint of oral communication.

In 1940, the United States Supreme Court declared in *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940) that peaceful picketing is a constitutionally protected .medium of free speech, .which, under the First and Fourteenth Amendments, is immune from hostile state action. See also *Carlson v. California*, 310 U.S. 106, 60 S.Ct. 746, 84 L.Ed. 1104 (1940). This rule, however, has been qualified on many occasions. The United States Supreme Court has established a broad field in which a state, in enforcing some public policy, whether of its criminal or its civil law, and whether announced by its legislature or its courts, can constitutionally enjoin peaceful

picketing aimed at preventing effectuation of that policy. See *American Radio Association, AFL–CIO v. The Mobil Steamship Association, Inc.*, 419 U.S. 215, 95 S.Ct. 409, 42 L.Ed.2d 399 (1974).

It is well settled in Texas that peaceful picketing loses its protection under the First Amendment if one of its purposes is contrary to public policy. In Texas, a secondary boycott is against public policy. It is also against public policy to allow trusts and conspiracies in restraint of trade. *Cain, Brogden and Cain, Inc. v. Local Union No. 47, Etc.*, 155 Tex. 304, 285 S.W.2d 942 (1956).

It is also well settled, however, that a Texas court has no power to supervise one person's opinion of another or to dictate what one person may say of another. *Ex parte Tucker*, 110 Tex. 335, 220 S.W. 75 (1920). Equity, however, can and will protect the exercise of contractual rights from interference by attempts at intimidation or coercion in the guise of verbal or written threats. *Ex parte Tucker*, supra. No injunction which prohibits lawful picketing may stand; only unlawful picketing may be enjoined. *Cain, Brogden and Cain, Inc. v. Local Union No. 47*, supra; *Construction and General Labor Union v. Stephenson*, 148 Tex. 434, 225 S.W.2d 958 (1950).

Texas courts have modified broad injunctions against picketing in some cases. In other cases, courts have reached the same result by defining in the opinion the conduct regarded as being prohibited by the injunction. *Cain, Brogden and Cain, Inc. v. Local Union No. 47*, supra. Reading the trial court's order as a whole, we construe paragraph numbers 1, 2 and 3 of the court's injunction to encompass only the named activities insofar as they constitute unlawful conduct. Such conduct includes any form of violence, secondary boycott activity, restraint of trade as defined and prohibited in Tex.Bus. & Comm.Code Ann. §§ 15.02–15.04, 15.33 (1968), obstruction of ingress and egress from and to HEB stores, and the use of insulting, threatening or obscene language and oral misrepresentations. Furthermore, the entire injunction extends only to HEB stores in the Rio Grande Valley and Corpus Christi areas. Moreover, we are of the opinion that paragraphs (b) and (c) of the "limited exception" to the temporary injunction are improper. It is not the role of a court of equity to tell pickets what words they must use to preface and express their ideas or to whom they may talk. Such restrictions and prior restraints upon speech in this case are inconsistent with the First Amendment when less drastic means are available to protect the legitimate interest of HEB in freedom from deceptive picketing. See *Johnson Brothers Wholesale Liquor Company v. United Farm Workers National Union, AFL–CIO*, 308 Minn. 87, 241 N.W.2d 292 (1976).

The error by the trial court in granting a temporary injunction that is overly broad does not, in this case, constitute fundamental error in the judgment as a whole. We modify the judgment and render the judgment that the trial court should have rendered. Rule 434, T.R.C.P. The judgment of the trial court as construed by this Court and with the deletion of paragraphs (b) and (c) of the "limited exception" is affirmed. Rule 434, T.R.C.P.; *McDaniel v. Castro County*, 514 S.W.2d 488 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.); *Craft v. Hahn*, 246 S.W.2d 897 (Tex.Civ.App.—Eastland 1952, writ ref'd n. r. e.).

MODIFIED, and as MODIFIED, AFFIRMED.

YOUNG, J., not participating.