## MEANS et al. v. PORTER et al.

### No. 2696.

Court of Civil Appeals of Texas. Eastland.

Dec. 17, 1948.

Rehearing Denied Jan. 14, 1949.

County against the Atkins heirs, Honorable J. G. Harrell, their attorney, Porter and Kimbrough. Means alleged in his original petition that he purchased the ranch from the Atkins heirs for the sum of $176,000 and that Porter agreed with him prior to the purchase thereof, that the actual price to be paid by plaintiff for said ranch was the sum of $16 per acre less one-half of the amount of brokerage earned by Porter in the transaction. He further alleged that he gave the defendant Harrell notice of his claim to one-half of such commission prior to the time the sale was consummated; that Porter had refused and objected to the payment of such one-half commission to him. Means prayed that the Atkins heirs be required to withhold one-half of such commission and that the same be ordered paid to him, for costs of suit and for general relief. The Atkins heirs filed a plea of privilege to be sued in Stephens County, where they lived. Such plea was sustained and the case transferred to the District Court of Stephens County. Thereafter, the Atkins heirs filed a bill of interpleader in which it was alleged they had on hand the sum of $4,753.76, being the unpaid balance of the commission due for the sale of the ranch. This amount they tendered into court and asked that the same be disbursed to the true owners thereof. Honorable J. G. Harrell, attorney for the Atkins heirs, filed his answer in which it was alleged that he was the attorney for the Atkins heirs in the transaction and that he had no knowledge that Means was claiming any part of the commission prior to the time the trade was consummated and that he had no funds in his hands belonging to the Atkins heirs as a result of the sale of said ranch. Kimbrough filed a plea of intervention in which he alleged that he was a partner with Means in the transaction and was entitled to one-half of the commission earned by Porter as a refund on the purchase price of the ranch. Porter also filed an answer to said bill of interpleader in which he alleged that the entire amount of the commission was due him. Means, in his answer to the bill of interpleader thereto, claimed the entire one-half of the commission. A trial was had before the court

Jerome Chamberlain, of Dallas, and Joseph F. Orr, of Fort Worth, for appellants.

Chas. S. McCombs and Wm. Andress, Jr., both of Dallas, for appellees.

LONG, Justice.

Lela Knight and others (referred to as the Atkins heirs) were the owners of a ranch in Kent County. They listed such ranch with J. H. Porter, a duly licensed real estate dealer of Dallas County. Thomas C. Means, Jr., purchased said ranch through Porter at $16 per acre. J. S. Kimbrough was a partner of Means but not named in the sales contract or deed. Means instituted this suit in Tarrant

with the aid of a jury and at the conclusion of the evidence offered by Means and Kimbrough, the court instructed the jury to return a verdict in favor of the Atkins heirs, Harrell and Porter. Based upon such verdict, the court entered a judgment that Means and Kimbrough take nothing as against any other party to the suit, and that said $4,753.76 deposited in the registry of the court be paid (1) to satisfy costs; (2) $500 to J. G. Harrell, as an attorney fee; (3) $1,000 to S. W. Sibley (holder of an assignment from Porter); (4) $250.00 to T. Howard (holder of an assignment from Porter); (5) the balance to Porter, and, further, that Porter have judgment against Means and Kimbrough for the amount of said attorney fee and interest on the entire amount of $4,753.76. From this judgment, Means and Kimbrough have appealed.

The evidence discloses that Means lives in Dallas County, Kimbrough in Tarrant County, the Atkins heirs and Judge Harrell in Stephens County. Neither Means nor Kimbrough had a license to sell real estate. Porter was a duly licensed real estate dealer. Means and Kimbrough were both engaged in the oil business. They were desirous of obtaining some acreage in Kent County, mainly on account of the prospects of oil development there. The Atkins heirs listed the ranch with Porter for sale at $16 per acre. Kimbrough found that Porter had the ranch for sale and was instrumental in bringing Means and Porter together in negotiations for the purchase of the ranch. Means advised Kimbrough that he thought the ranch was too high and that it should be bought for $15.50 per acre. Porter advised him that the ranch could not be purchased for any less than $16 per acre but that he wanted the trade to go through and that if Means would buy the ranch at $16 per acre, that he would refund to him one-half of the commission he earned in the trade. This was agreed to by Means and Porter prior to the time the contract for the sale of the ranch was entered into between Means and the Atkins heirs. Although Means denied in his pleadings that Kimbrough had any interest in the money in the registry of the court, on the trial of the case, he testified that he

and Kimbrough were partners in the deal. The written contract entered into between Means and the Atkins heirs contains a provision that the seller should pay the commission to J. H. Porter.

■ The judgment directing that the money in the registry of the court be paid to Porter is correct. Means and Kimbrough had no assignment from Porter to such sum. They had no beneficial interest therein under a trust and had no lien thereon created by legal process or otherwise. All they had was a debt due them by Porter, if anything. There is neither pleading nor evidence that Porter assigned to them any interest in the commission or that he was holding it in trust for them.

■ We believe the court was in error in rendering judgment that Means and Kimbrough take nothing as against Porter. The pleadings and the evidence raised an issue of fact as to whether there was an agreement between Means and Porter whereby Porter agreed to pay to Means one-half of his commission earned in the sale of the ranch as a reduction of the purchase price thereof. This issue should have been submitted to the jury. Both Means and Kimbrough testified to such agreement. It was not controverted by any evidence. In fact, the only witnesses who testified were Means and Kimbrough. Porter did not testify. It is the contention of Porter that the pleadings were not sufficient to sustain a personal judgment against him. To this we do not agree. Means alleged in his original petition such agreement and specifically stated therein that he was suing Porter for one-half of such commission as a reduction of the price of the land. He prayed for a judgment against Porter for said amount, and for general relief. Kimbrough, in his answer to the bill of interpleader, alleged such agreement and prayed for general and special relief, both in law and equity. We believe that the pleadings, when construed as a whole, are sufficient to authorize a personal judgment against Porter in the event of a favorable finding of the jury on the fact question raised. Alexander v. Walker, Tex.Civ.App., 239 S.W. 309; Gilles v. Miners' Bank of Carterville, Tex.Civ.

**272**

App., 198 S.W. 170; Seeds v. Edgerton, Tex.Civ.App., 209 S.W.2d 987.

We do not agree with the contention of Porter that the verbal agreement entered into by Means and Porter was merged in and superseded by the written contract entered into by Means and the Atkins heirs for the sale of the ranch. Porter was not a party to such contract; furthermore, the provision in the contract that the seller was to pay the commission to Porter was in keeping with the terms of the oral agreement between Means and Porter. The oral agreement as testified to by Means was to the effect that Porter was to collect the commission and refund one-half thereof to Means as a reduction in the price of the land.

Porter, by exceptions to the pleadings and motion for an instructed verdict, asserted that Means and Kimbrough could not recover for the reason that they were not licensed brokers and that the contract sued upon violated Section 20 of Article 6573a, Vernon's Revised Civil Statutes. He makes no such contention in this court. However, we cannot sustain the judgment upon this theory. We do not know whether the trial court was of the opinion that the suit was for a commission and hence was inhibited by Section 20 of Article 6573a. We can readily see that the action of Means in filing the suit in Tarrant County and making Kimbrough a party thereto when, in fact, no controversy existed between them, taken in connection with the further fact that the pleadings were not clear, the trial court was in all probability led to believe that the suit was either for a commission as such or for the money in the hands of the Atkins heirs and not for a personal judgment against Porter. If the pleadings and evidence were susceptible of this construction, then the instructed verdict would have been proper, Means and Kimbrough, under their testimony, were not claiming one-half of the commission as such, but were claiming it as a refund on the price paid for the land. The suit was not for services performed or to be performed in connection with the transaction. Consequently, the oral contract sued upon did not violate Section 20 of Article 6573a. Bell v.

Stephenson, Tex.Civ.App., 187 S.W.2d 153; Porizky v. Olinger, Tex.Civ.App., 177 S.W.2d 995, writ ref.

Means and Kimbrough complain of the action of the court in awarding an attorney fee to Judge Harrell for representing the Atkins heirs. We think the court's action in this respect was correct. Means and Kimbrough had no claim against the funds in the hands of the Atkins heirs. By the filing of this suit, they caused them to incur the expense of employing an attorney to file their answer and the bill of interpleader. Consequently, they are liable for the attorney fee, which was adjudged against them as cost. This is also true as to interest on the money impounded. Chancellor v. Chancellor, Tex.Civ.App., 23 S.W.2d 761; Briden v. Osborne, Tex.Civ.App., 184 S.W.2d 860.

That portion of the judgment wherein a personal judgment for debt in favor of Means and Kimbrough against Porter was denied is reversed and remanded. The judgment in all other respects is affirmed. The cost of this appeal is adjudged one-half against Kimbrough and Means, jointly and severally, and one-half against Porter.

Judgment affirmed in part and in part reversed and remanded.