DORIS ETHYL ROSS V. STATE.

No. 26,519.  October 7, 1953.

*Curtis E. Hill,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *George P. Black-burn, Bill Alexander* and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Wesley Dice,* State's Attorney, Austin, for the State.

WOODLEY, Judge.

Appellant was found guilty and assessed 30 days in jail and a fine of $500 upon complaint and information the charging parts of which read as follows:

"that one Doris Ethyl Ross, hereinafter styled Defendant, heretofore on or about the 1st day of June, A.D., 1952, in the County of Dallas and State of Texas, did then and there unlawfully and wilfully promise to pay to Stanley J. Majeski, a person not then and there licensed as a Real Estate Dealer or Real Estate Salesman, a share of commissions or compensation accruing from real estate transactions to her, the said Doris Ethyl Ross, a person licensed as a Real Estate Dealer of the State of Texas."

The statute under which the prosecution was instituted is Art. 6573 (a) Vernon's Ann. Civ. Statutes, Section 20 thereof reading as follows:

"It shall be unlawful for any real estate dealer or real estate salesman to offer, promise, allow, give, or pay directly or indirectly any part or share of his commission or compensation arising or accruing from any real estate transaction to any person who is not a licensed dealer or salesman in consideration of service performed or to be performed by such unlicensed person, and no real estate salesman shall be employed by or accept compensation from any person other than the dealer under whom he is at the time licensed; and it shall be unlawful for any licensed real estate salesman to pay a commission to any person except through the dealer under whom he is at the time licensed."

The criminal offense defined in this statute is not complete unless the promise of payment of a share of the commission is "in consideration of services performed or to be performed by such unlicensed person."

18

In the absence of such an allegation the complaint and information charge no offense.

The question decided has not previously been before this court. Our holding, however, is in harmony with the decisions of our civil courts construing the statute. See Bell v. Stephenson et al (Civ. App.) 187 S.W. 2d 153; Means v. Porter et al (Civ. App.) 216 S.W. 2d 269.

The judgment is reversed and the prosecution ordered dismissed.