**MONARCH TILE SALES, Appellant,**

v.

**FROST NATIONAL BANK OF SAN ANTONIO et al., Appellees.**

No. 15187.

Court of Civil Appeals of Texas, San Antonio.

May 30, 1973.

Christi, 484 S.W.2d 806 (Tex.Civ.App. —Corpus Christi 1972, writ ref'd n. r. e.).

James Ward, San Antonio, for appellant.

William A. Jeffers, Jr., Groce, Locke & Hebdon, San Antonio, for appellees.

BARROW, Chief Justice.

This is an interpleader action filed by Trenkelbach & Son, Inc., the general contractor, to determine ownership of the sum of $3,398 owed for performance of a subcontract on a school building at Poth, Texas. Joined as defendants were Trafton Tile Company, the subcontractor; Monarch Tile Sales, the materialman on the subcontract; and Frost National Bank of San Antonio, the assignee of Trafton Tile Company.

Both Frost National Bank and appellant filed answers and cross-actions wherein each asserted claim to said funds on deposit in the registry of the court. No answer was filed by or on behalf of Trafton Tile. Judgment was entered after a trial before the court, at which only Frost National Bank appeared, whereby Trenkelbach & Son was awarded a reasonable attorney's fee of $500 to be paid out of the deposited funds, but to be taxed as costs. The remaining sum of $2,898 was ordered paid to Frost National Bank. It was further ordered that Frost National Bank have execution against appellant for the court costs, including the amount paid the stakeholder for its attorney's fees and the sum of $611.64, being six per cent interest on said deposited funds.

Appellant has timely perfected this appeal by writ of error, and complains by two points of the taxing against it of the amount awarded as attorney's fees and interest on the sum interpleaded into court. No complaint is asserted against the stakeholder or as to that part of the judgment declaring that Frost National Bank's claim to said interpleaded funds was superior to that of appellant. Appellant does not question the stakeholder's right to recover its reasonable attorney's fees for bringing such interpleader action, but urges that same should be taken from the funds and not taxed against the losing party as a part of the costs.

It is a settled rule that the innocent stakeholder in an interpleader is enti-

tled to attorney's fees to be paid out of the impleaded fund. United States v. Ray Thomas Gravel Co., Inc., 380 S.W.2d 576 (Tex.1964). However, the ultimate burden between the rival claimants should fall on the party whose unsuccessful claim rendered the interpleader necessary. Givens v. Girard Life Insurance Company of America, 480 S.W.2d 421 (Tex.Civ.App.— Dallas 1972, writ ref'd n. r. e.); Briden v. Osborne, 184 S.W.2d 860 (Tex.Civ.App.— Eastland 1945, no writ); Comer v. Farrell, 48 S.W.2d 452 (Tex.Civ.App.—Dallas 1932, writ dism'd); Chancellor v. Chancellor, 23 S.W.2d 761 (Tex.Civ.App.—Fort Worth 1929, writ ref'd); Middleton v. Moore, 289 S.W. 1045 (Tex.Civ.App.—Amarillo 1927, no writ). Therefore, the court did not err in taxing the costs against appellant, the losing claimant to said fund, including the amount of the attorney's fees allowed the stakeholder.

■ The trial court erred, however, in taxing as costs the sum of $611.64 for interest on said sum interpleaded into court and in permitting Frost National Bank to have execution against appellant for said sum. Said sum was never in the possession of appellant and does not come within the definition of "interest" as set forth in Article 5069–1.01, Vernon's Tex.Rev.Civ. Stat.Ann. Furthermore, there is no statute authorizing the recovery of interest on interpleaded funds. Therefore, interest cannot be awarded. Kirkpatrick v. Great American Ins. Co., 299 S.W. 943 (Tex. Civ.App.—Waco 1927, no writ).

Appellee bank points out that the recovery of interest from the unsuccessful claimant was permitted in Means v. Porter, 216 S.W.2d 269 (Tex.Civ.App.—Eastland 1949, writ ref'd n. r. e.). It is seen, however, that the suit there was actually brought by the unsuccessful claimant. The Court found that such party had no claim against the funds, but by filing suit had caused the funds to be interpleaded and deprived the estate of use of them. This false claim was apparently the basis of the award of interest, although there is no authority set forth in the opinion. Here no question was raised over the good faith of appellant's claim on the subcontract.

The judgment of the trial court is reformed to delete the item of interest from the costs taxed against appellant, and as reformed, is affirmed. The costs of this appeal are taxed one half against appellant and one half against appellee, Frost National Bank of San Antonio.