Dorothy J. BENTLEY, Appellant,

v.

Richard E. GREWING and Koch Industries, Inc., Appellees.

No. 18420.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 19, 1981.

Rehearing Denied March 19, 1981.

Kurt M. Daniel, Dallas, for appellant.

Lyne & Klein, and Ron Edmondson, Dallas, for appellee Koch Industries, Inc.

Sullivant, Meurer & Harris, and Belvin R. Harris, Gainesville, for appellee Richard E. Grewing.

## OPINION

HUGHES, Justice.

Dorothy J. Bentley, as the devisee of Ruth Richards' last will and testament, brought suit to remove a cloud upon her asserted title to an overriding royalty interest. In construing an assignment made by Ruth Richards to Richard E. Grewing, the trial court denied her claim on the grounds that Mrs. Richards possessed no interest to which Mrs. Bentley could succeed. Her appeal is now before us.

We affirm.

Mrs. Bentley claims an overriding royalty interest in an oil and gas lease covering the "West 100 acres" which is comprised of the west 50 acres from the North 105 acres of a certain survey and the west 50 acres from the South 100 acres of an adjacent survey. The eastern portions of these two surveys taken together are referred to as the "East 105 acres."

At one time, Mrs. Richards owned title to the leasehold estates covering both the "West 100 acres" and the "East 105 acres." On July 27, 1954 she assigned all her rights, title and interest in the lease covering the "West 100 acres" to W. F. and W. O. Russell reserving unto herself an overriding royalty interest. In 1969 Mrs. Richards executed a will devising all of her overriding royalty interests in the tracts comprising the "West 100 acres" and the "East 105 acres" to Mrs. Bentley.

In May, 1968 Mrs. Richards assigned all her rights, title and interest in the lease covering the "East 105 acres" to Richard E. Grewing. The provisions contained therein which are pertinent to this appeal are:

"There is reserved from the hereinabove mentioned assignment and its Assignor reserves unto herself a 1/16 of 7/8 of all the oil, gas and other minerals that may be produced from the above described leases free and clear of all costs into the pipe line until the sum of TEN THOUSAND & NO/100 ($10,000.00) DOLLARS has been paid in full to the Assignor, her heirs or assigns; and upon the full payment of said TEN THOUSAND & NO/100 ($10,000.00) this reservation shall cease and the interest herein reserved shall vest in the Assignee.

"It is further agreed by the Assignor that if the Assignee shall secure the release of the ... [West 100 acres] this assignment shall be effective in conveying those portions of the above mentioned leases subject to the same conditions and reservations hereinabove contained."

On May 6, 1970 Grewing obtained an assignment of the "West 100 acres" from the successors of W. F. and W. O. Russell. On February 9, 1973 Mrs. Richards acknowledged full satisfaction of the $10,000.00 oil payment by executing a release of the interest she had retained in the assignment of the "East 105 acres" to Grewing. Mrs. Richards died on April 7, 1974. Her will devising her overriding royalty interest in the "West 100 acres" to Mrs. Bentley was admitted to probate.

Mrs. Bentley later filed suit against Grewing and Koch Industries, Inc. (the gatherer of production from the "West 100 acres") alleging that she succeeded to Mrs. Richards' ownership of the overriding royalty interest in the "West 100 acres." Koch filed a cross-claim/counterclaim which tendered into the registry of the court the moneys it held in relation to the "West 100 acres" and seeking adjudication that it was a disinterested stakeholder entitled to the recovery of its attorney's fees. The trial court, upon Mrs. Bentley's motion, dismissed Mrs. Bentley's cause of action against Koch only. After a trial upon the merits the trial court rendered judgment that Mrs. Bentley's prayers for an accounting and quieting of her title to the overriding royalty interest be denied. The trial court further ordered that Koch recover $1250.00 attorney's fees which were paid from the tendered funds and adjudged as court costs to be paid by Mrs. Bentley.

Mrs. Bentley's first and second points of error aver that there was no evidence to support the trial court's finding that Mrs. Richards did not own the overriding royalty interest in the "West 100 acres" at the date of her death nor to support the finding that Grewing obtained title to the overriding interest by satisfying the condition precedent set out in the assignment from Mrs. Richards to Grewing.

▆ It has been contended by neither Mrs. Bentley nor by Grewing that the language in the assignment from Mrs. Richards to Grewing is ambiguous. The issue is the meaning of the language and the intention of the parties. There being no ambiguity urged, this determination is to be made from the language contained in the assignment considering the instrument as a whole and not the isolated parts thereof giving effect not to what the parties meant but the meaning of what they said. *Brite v. Gray*, 377 S.W.2d 223 (Tex.Civ.App.—Beaumont 1964, no writ); *Davis v. Andrews*, 361 S.W.2d 419 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); *Gibson v. Watson*, 315 S.W.2d 48 (Tex.Civ.App.—Texarkana 1958, writ ref'd n. r. e.).

It is undisputed that the use of the term "release" in the assignment from Mrs. Richards to Grewing was in reference to a conveyance of the "West 100 acres" as a condition precedent. It is Mrs. Bentley's position, however, that Grewing should have first obtained a "release" conveying the "West 100 acres" to Mrs. Richards in order to satisfy the condition precedent. We disagree.

▆ "It is a principle of universal application that grants are liberally, exceptions strictly, construed against the grantor." *Davis v. Andrews, supra* at 423. Before Grewing procured the assignment of the working interest in the "West 100 acres" Mrs. Richards owned only an overriding royalty interest in that tract. Having carefully read the language in the assignment, we hold that upon obtaining the assignment of the "West 100 acres" Grewing satisfied the condition precedent ("release") and at that time the instrument assigning to Grewing the "East 105 acres" worked to assign to Grewing Mrs. Richards' overriding royalty interest in the "West 100 acres."

We overrule Mrs. Bentley's first and second points of error.

Mrs. Bentley's third and fourth points of error assert that the trial court erred in rendering judgment for Koch for attorney's fees in the amount of $1250.00 because such amount was against the great weight and preponderance of the evidence and the trial court abused its discretion by taxing Koch's attorney's fees as costs against Mrs. Bentley.

**52**

Mrs. Bentley does not question the propriety of awarding attorney's fees to Koch as an innocent stakeholder. Her objection is to the amount of the award to the extent it constitutes an allowance for fees incurred after Koch tendered the funds into the registry of the court. The record reveals that Koch's attorney, through a series of correspondence, proposed a "Stipulation and Agreed Judgment" which would have allowed Koch its attorney's fees from the fund to be taxed against the losing party as costs whereupon Koch would be immediately dismissed from the lawsuit thus eliminating the need for Koch to incur attorney's fees by participation in a trial. However, neither Mrs. Bentley nor Grewing would agree to the immediate payment of Koch's attorney's fees from the fund.

Had the claimants to the fund not made an issue of the method of the payment of the attorney's fees, the amount of the fees would have been minimized. There is testimony that the fees charged were reasonable. An innocent stakeholder should not be denied the recovery of attorney's fees incurred in its good faith assertion of its rights to the underlying attorney's fees. *See: W. P. Luse v. Crispin Company*, 344 S.W.2d 926 (Tex.Civ.App.—Houston 1961, writ ref'd n. r. e.).

We hold that, in the absence of any evidence of bad faith on the part of the stakeholder-Koch in trying to reach a settlement, the trial court was justified in awarding $1250.00 to Koch for its attorney's fees. We further hold that the trial court did not abuse its discretion by taxing the attorney's fees as costs against Mrs. Bentley. As between rival claimants the burden of paying the interpleader's attorney's fees as costs falls upon the unsuccessful claimant whose contentions rendered the interpleader necessary. *Monarch Tile Sales v. Frost National Bank of San Antonio*, 496 S.W.2d 254 (Tex.Civ.App.—San Antonio 1973, no writ).

We overrule Mrs. Bentley's third and fourth points of error.

The judgment of the trial court is affirmed.