Teddy M. **FOREMAN**, Appellant,

v.

Dr. Gerald M. **GRAHAM**, et al., Appellees.

No. 2–84–268–CV.

Court of Appeals of Texas, Fort Worth.

July 11, 1985.

Smith, Miller & Carlton and Stewart R. Miller, Dallas, for appellant.

Belvin R. Harris, Gainesville, for appellees.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION

BURDOCK, Justice.

Appellant, Teddy M. Foreman, appeals from the trial court's judgment in a suit in interpleader awarding the escrow funds in dispute to appellees, Dr. Gerald M. Graham and Donna Lee Graham.

We affirm.

Appellant agreed to purchase a tract of land from the Grahams in 1982. Due to various changes in the contract terms requested by the parties, two earnest money contracts were drawn up although only one, with all the agreed modifications, was signed by both the buyer and the sellers.[1] The contract was to close on or before April 20, 1982, or within seven days after any title objections were cured. Earnest money in the amount of $5000, paid by appellant, was placed in escrow with Service Title Company. Cunningham Real Estate, Inc. was the real estate broker for this transaction.

Appellant intended to set this transaction up as a "Starker" exchange. To facilitate a tax-free transfer of the property, a Starker exchange, appellant wanted to assign the contract to a third party. The dispute arose over whether appellant would still be required by the sellers to sign the purchase money note, even though the earnest money contract would be assigned to a third party. Due to this dispute, the closing did not take place and both the buyer and the sellers, claiming the other had breached the contract, demanded the escrow funds.

Service Title then filed this suit in interpleader and deposited the $5000 in the registry of the court. The trial court awarded the escrow funds to the Grahams and ordered appellant to pay attorney's fees for Service Title and the Grahams, as well as court costs.

Appellant presents eight points of error on appeal which can be summarized as follows:

(1) the trial court erred in rendering judgment for appellees because they failed to prove that the contract satisfied the Statute of Frauds;

(2) the trial court erred in rendering judgment for appellees because they were not able to provide good title to the property;

(3) the contract was initially breached by appellees;

(4) the contract never became binding because a condition precedent to that contract was never satisfied;

(5 & 6) the stakeholder is not entitled to attorney's fees because it was not a disinterested party;

(7) under the contract, appellant is a "prevailing party" entitled to attorney's fees;

(8) the trial court's failure to grant appellant's motion for post judgment relief prevented appellant from obtaining findings of fact and conclusions of law from the trial court.

We will first address point of error eight in which appellant complains that the trial court's failure to grant his motion for post

---

1. In his brief, appellant refers to both as being relevant, while appellees consider the executed contract as the only relevant document. We agree with appellees and in light of our disposition of this case will refer to the second document as the contract.

judgment relief prevented him from obtaining findings of fact and conclusions of law.

Pursuant to TEX.R.CIV.P. 296, a request for findings of fact and conclusions of law must be filed within ten days after the final judgment is signed. The trial court then has thirty days from the date the judgment is signed to file the findings of fact and conclusions of law. TEX.R.CIV.P. 297. If the trial court fails to make the findings, the party requesting the findings must complain of the omission to the trial court in writing within thirty-five days after the judgment is signed. *Id.*

■ It is clear from the record that the judgment was signed on August 31, 1984. Appellant did not receive notice of the judgment until September 21, 1984. Appellant argues that he was harmed by the failure to receive this notice within the prescribed time period. Under TEX.R.CIV.P. 306a(4), however, in the event notice is not properly received, the requisite time periods begin to run from the date the party received the notice or acquired actual knowledge of the signing of the judgment, whichever occurred first. Therefore, we find that there was no harm to appellant due to the delay in the notice.

On September 28, 1984, appellant filed a request for findings of fact and conclusions of law and a motion for new trial. The request was thus timely filed pursuant to TEX.R.CIV.P. 296. However, no other instrument was filed by appellant until the filing of his motion for post judgment relief on November 28, 1984. Moreover, this motion was filed some time after appellant received the trial judge's letter of November 2, 1984, advising appellant that he had never been notified of the request for findings of fact and conclusions of law.

■ Since appellant failed to timely call this omission to the attention of the trial judge pursuant to the procedure set forth in TEX.R.CIV.P. 297, we find that he cannot now complain on appeal that he was harmed by the trial court's failure to file findings of fact and conclusions of law. *See International Products, Inc. v. Chem-*Clean Products, Inc., 611 S.W.2d 481, 482 (Tex.Civ.App.—Waco 1980, no writ); *Zaruba v. Zaruba,* 498 S.W.2d 695, 697 (Tex.Civ. App.—Corpus Christi 1973, writ dism'd). Point of error eight is overruled.

Points of error one through four all challenge issues of fact that appellant contends were not proven by appellees. These points of error are not framed in terms of "no evidence" or "insufficient evidence" points.

■ In a trial to the court where no findings of fact or conclusions of law are filed the judgment of the trial court implies all necessary findings of fact in support thereof. *In the Interest of W.E.R.,* 669 S.W.2d 716, 717 (Tex.1984); *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980). These implied findings may be challenged by "no evidence" and "insufficient evidence" points and where such points are raised, the standard of review to be applied is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Burnett,* 610 S.W.2d at 736.

■ Where the implied findings of fact are supported by the evidence, it is the duty of the appellate court to uphold the judgment on any theory of law applicable to the case. *W.E.R.,* 669 S.W.2d at 717; *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex. 1977). This is so regardless of whether the trial court articulates the correct legal reason for the judgment. *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73, 84 (1939); *Rheiner v. Varner,* 627 S.W.2d 459, 462 (Tex.App.—Tyler 1981, no writ).

■ Upon reviewing the record, we find that the findings of fact impliedly made by the trial court are supported by the evidence and are sufficient to uphold the trial court's judgment. We overrule points of error one through four.

In point of error five, appellant contends that Service Title is precluded from recovering attorney's fees because it sought $128 for a title search fee and therefore was not a disinterested stakeholder. Ap-

pellant goes on to argue alternatively in point of error six that if Service Title is entitled to attorney's fees it is limited to the amount of work reasonably spent bringing the interpleader action, as opposed to any other work done in the case, with the maximum potential recovery restricted to the amount of the implead fund.

In an interpleader suit, the general rule is that a disinterested stakeholder who has reasonable doubts as to the party entitled to funds in his possession, and who in good faith interpleads the claimants, is entitled to recover attorney's fees. *United States v. Ray Thomas Gravel Co.,* 380 S.W.2d 576, 580 (Tex.1964); *County of Dallas v. Yellow Cab of Dallas, Inc.,* 573 S.W.2d 44, 46 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). While an interpleader may be awarded attorney's fees, however, he must prove the reasonableness of the fees sought. *Pitman v. Sanditen,* 611 S.W.2d 663, 668, *aff'd in part and rev'd in part,* 626 S.W.2d 496 (1981).

The record reflects that during the trial the trial court asked the parties to stipulate to the reasonableness of the amount of attorney's fees incurred. The parties stipulated that reasonable attorney's fees for the attorneys for Foreman and the Grahams would be $10,000 each. They further stipulated that a reasonable amount of attorney's fees for Service Title would be $7000, with the understanding that the trial court would determine whether Service Title would be legally entitled to collect attorney's fees in excess of the amount of the implead fund. At the conclusion of the trial, the trial court awarded Service Title $750 in attorney's fees out of the implead fund of $5000 and appellant was ordered to pay Service Title $6250 in attorney's fees.

Appellant's contention in point of error five that Service Title was not a disinterested stakeholder is without merit because the record indicates that Service Title's claim for the $128 title search fee was abandoned by them during the trial. Service Title thus qualifies as a disinterested stakeholder. *See Ray Thomas Gravel Co.,* 380 S.W.2d at 580. Point of error five is overruled.

Although the interpleader may be entitled to have his attorney's fees deducted from the implead fund, *General American Life Insurance Co. v. Rodriguez,* 641 S.W.2d 264, 268 (Tex.App.—Houston [14th Dist.] 1982, no writ), the ultimate burden between rival claimants should fall on the party whose unsuccessful claim rendered the interpleader necessary. *Monarch Tile Sales v. Frost Nat'l Bank of San Antonio,* 496 S.W.2d 254, 255–56 (Tex.Civ.App.—San Antonio 1973, no writ); *Givens v. Girard Life Insurance Company of America,* 480 S.W.2d 421, 430 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.) (opinion on motion for rehearing); *Means v. Porter,* 216 S.W.2d 269, 272 (Tex. Civ.App.—Eastland 1949, writ ref'd n.r.e.); *Chancellor v. Chancellor,* 23 S.W.2d 761, 765 (Tex.Civ.App.—Fort Worth 1929, writ ref'd). It has been held that the stakeholder's attorney's fees may be properly taxed against the losing party as costs, rather than being taken out of the fund. *Givens,* 480 S.W.2d at 429.

Since the amount of the fund was only $5000 and the parties stipulated that a reasonable amount of attorney's fees for Service Title was $7000, the trial court properly taxed attorney's fees in the amount of $6250 against appellant, the losing party, as costs rather than taking the entire sum of attorney's fees out of the fund and depleting it entirely. *See Givens,* 480 S.W.2d at 429. We would also again point out that $750 of Service Title's attorney's fees were deducted from the fund and, therefore, the Grahams, who were awarded the fund, did pay a portion of the attorney's fees. Point of error six is overruled.

In point of error seven, appellant claims the trial court erred in failing to render judgment for appellant because under the earnest money contract appellant is a "prevailing party" entitled to recover court costs and attorney's fees. The contract provides that as to attorney's fees:

> Any signatory ... who is the prevailing party ... against any other signatory ... shall be ... entitled to recover court costs and reasonable attorney fees from the non-prevailing party.

We fail to see how appellant can claim he is a prevailing party entitled to attorney's fees when the trial court clearly rendered judgment in favor of the Grahams. Appellant's seventh point of error is overruled.

The judgment is affirmed.