Lorenzo **SALAZAR**, Appellant,

v.

The **SAN BENITO BANK & TRUST COMPANY**, Appellee.

No. 13–86–409–CV.

Court of Appeals of Texas, Corpus Christi.

March 12, 1987.

Rehearing Denied May 14, 1987.

Jose Luis Pena, Harlingen, for appellant.

David Kithcart, Johnson & Davis, Harlingen, Hector J. Villarreal, Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appellant (Lorenzo) brought suit against appellee (the Bank) for conversion, based on the Bank's failure to pay certificates of deposit. The trial court granted the Bank's motion for partial summary judgment. Upon final judgment, Lorenzo took nothing in his suit against the Bank, and the Bank recovered attorney's fees against Lorenzo. Appellant brings two points of error. We affirm the judgment of the trial court.

The summary judgment evidence shows that this action originated over two certificates of deposit (CDs) issued by the Bank, payable to Lorenzo Salazar or Ricardo Salazar. Ricardo is Lorenzo's son. Ricardo, before the maturity date for the CDs, withdrew the money and had new CDs issued, "payable to Ricardo Salazar, for Lorenzo Salazar." After the new CDs were issued, Lorenzo demanded that Ricardo return the CDs to him. Ricardo refused, contending that Lorenzo had made a gift of the CDs and also to curtail the rate at which Lorenzo was cashing CDs since marrying a woman fifty years his junior. Lorenzo brought suit against Ricardo and apparently the parties settled. The record before us contains a "motion for non-suit" in that cause. The motion states that Ricardo "has released" the CDs to Lorenzo, and that "all matters in controversy have been compromised and settled." Upon presentation of this motion to the trial court, the Court dismissed the cause with prejudice.

Lorenzo brought the CDs to the Bank and sought to make them payable to himself and his wife. The bank refused to change the payee or to cash the CDs because the certificates were not properly endorsed by Ricardo Salazar. Lorenzo returned to the Bank with the "motion for non-suit" and the "order of dismissal." However, the Bank continued to refuse to cash the CDs. The motion for non-suit merely states that Ricardo "released" the CDs to Lorenzo, and does not purport to be a transfer of ownership. There is no set-

tlement agreement in the record before us.[1] Instead of obtaining Ricardo's endorsement, Lorenzo brought suit against the Bank for conversion. The Bank interpleaded Ricardo, who claimed an interest in the property in his answer and crossclaim where he sought judgment as the "owner and holder" of the CDs. The bank's primary contention in its motion for summary judgment was that it properly denied Lorenzo's request for payment of the CDs because of improper endorsement. It further argues that had it paid Lorenzo, it could have been liable for conversion against Ricardo. Ricardo's deposition testimony reveals that he still claimed ownership in the CDs, despite the purported settlement raised by Lorenzo.

■ "The provisions of a certificate of deposit form a contract which creates the relationship of debtor and creditor between the bank and its depositor." *Ames v. Great Southern Bank*, 672 S.W.2d 447, 449 (Tex.1984). That contract determines the manner in which the funds may be withdrawn and is subject to the law of contracts. *Id.* If the Bank pays on the instrument without a proper endorsement, then the Bank breaches its contract, which results in a conversion of the instrument. *Id.* at 450. "Implicit in the *Ames* holding is the recognition that a payee on a certificate of deposit may waive the condition precedent of his or her own endorsement." *Gray v. Bertrand*, 723 S.W.2d 957, 958 (Tex.1987).

■ Lorenzo argues that the motion for non-suit and order of dismissal evidence a transfer of ownership of the CDs. We disagree. Those documents merely show that Ricardo "released" *possession* of the CDs to Lorenzo. The terms of the settlement, if any, were not brought before the Bank upon presentment of the CDs, or before the trial court as summary judgment evidence. The Bank was correct in requiring that the CDs be properly endorsed, or that Lorenzo provide proof that

---

1. There is a question as to whether a settlement agreement exists at all. Ricardo claims he merely returned the CDs to Lorenzo, upon his lawyer's advice, but never entered into a settlement agreement.

Ricardo transferred ownership.[2] *Ames,* 672 S.W.2d at 450; *Amarillo National Bank v. Dilday,* 693 S.W.2d 38, 43 (Tex. App.—Amarillo 1985, no writ); *see also Gray,* 723 S.W.2d at 958.

Lorenzo also argues that the motion for non-suit and order of dismissal, with respect to the cause of action between Ricardo and Lorenzo, prevented the Bank from interpleading Ricardo under the doctrine of res judicata. The Bank was not a party to the cause of action dismissed. The doctrine of res judicata is not applicable as there is no identity of parties. *See West Oso Independent School District v. Paisano Minerals, Inc.,* 661 S.W.2d 300, 301 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.).

Lorenzo also argues that the trial court erred in allowing attorney's fees to the Bank. A disinterested stakeholder who has reasonable doubts as to the party entitled to funds in its possession, and who interpleads the claimants in good faith, is entitled to recover attorney's fees. *United States v. Ray Thomas Gravel Co.,* 380 S.W.2d 576, 580 (Tex.1964); *Foreman v. Graham,* 693 S.W.2d 774, 778 (Tex.App.— Fort Worth 1985, writ ref'd n.r.e.). Although this suit was denominated as a conversion by Lorenzo, it is actually nothing more than interpleader. The Bank, a disinterested stakeholder in the CDs, was confronted with two claimants and properly interpleaded the funds.

Finally, Lorenzo argues that the trial court erred by not granting leave to file "Appellant's First Amended Original Petition." The hearing on the motion for summary judgment was set and heard on January 2, 1986. On December 30, 1985, Lorenzo attempted to file his amended petition.[3] Lorenzo sought to plead the additional causes of negligence, deceptive trade practices, and abuse of process. Damages not previously pleaded were sought in connection with the new causes of action. Because the amended petition alleges causes of actions factually distinct from the original action and contains matters the amending party should have known at such a time when amendment did not require the leave of the trial court, appellant has failed to show that the trial court abused its discretion in denying leave to file. *Valdez v. Lyman-Roberts Hospital, Inc.,* 638 S.W.2d 111, 117 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); Tex.R.Civ.P. 63. We overrule all of appellant's points of error.

The judgment of the trial court is affirmed.

---

2. Since Ricardo had purchased new CDs requiring his endorsement, the mere possession of the CDs by Lorenzo did not evidence a transfer of ownership as Ricardo's endorsement was still required. This is consistent with Ricardo's claims of ownership in the interpleader action, which followed the motion for non-suit.

3. Appellant's first amended original petition is marked filed, yet, appellant argues before this Court that the trial court denied leave to file. The record does not contain any order indicating that the trial court denied leave to file, and there is no motion for leave to file in the record.