**Shirley J. MATHIS, Appellant,**

v.

**UNITED INVESTORS LIFE INSURANCE CO., and Schulundria Williams and Khoshunda Williams, Co-Trustees of the Jerry L. Mathis Testamentary Trust, Appellees.**

No. 05–02–01847–CV.

Court of Appeals of Texas, Dallas.

Nov. 24, 2003.

Rehearing Overruled Jan. 26, 2004.

Charles Joseph Quaid, Julie H. Quaid, Quaid & Quaid, L.L.C., Dallas, for appellant.

Ralph E. Allen, Tyler, Joseph Allen Halbrook, Sneed, Vine & Perry, P.C., Patricia Montgomery, Austin, for appellees.

Before Justices MORRIS, WRIGHT, and BRIDGES.

## 656

## OPINION

Opinion by Justice WRIGHT.

Shirley J. Mathis appeals the trial court's order awarding attorney's fees to United Investors Life Insurance Co. After United Investors interpleaded life insurance proceeds that were subject to the conflicting claims of Mathis and Schulundria and Khoshunda Williams, the trial court awarded the interpleaded funds to the Williams. The trial court also awarded attorney's fees to United Investors to be paid from the interpleaded funds, and then assessed the amount of the attorney's fees paid to United Investors to be recovered from Mathis by the Williams as "costs." In three issues, Mathis contends the trial court erred by both taxing United Investors attorney's fees as costs and also ordering the fees to be paid out of the interpleader's funds. We overrule Mathis's issues and affirm the trial court's judgment.

▮ Here, Mathis does not challenge the propriety of United Investors petition in interpleader, the amount of fees awarded to United Investors, or that United Investors is an innocent stakeholder. Rather, Mathis's argument is that the trial court could not order the fees to be paid to United Investors from the interpleaded funds, and then assess them as costs against Mathis because (1) attorney's fees are not "costs," and (2) such an order violates the "one satisfaction rule." We disagree.

▮ We recognize that attorney's fees generally cannot be awarded unless authorized by contract or statute. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.*, 835 S.W.2d 75, 77 (Tex.1992). However, interpleader is an equitable remedy intended to fill the gaps when legal remedies are inadequate. *Madeksho v. Abraham, Watkins, Nichols & Friend*, 112 S.W.3d 679, 688 (Tex.App.-Houston [14th Dist.] 2003, pet. filed Aug. 27, 2003) (en banc plurality opinion on reh'g). It would be manifestly unjust for an innocent stakeholder to be charged with the attorney's fees or costs of an interpleader. Therefore, an innocent stakeholder in an interpleader action is entitled to recover its attorney's fees from the deposited funds if it has a reasonable doubt with respect to which claimant is entitled to the fund. *Nixon v. Malone*, 100 Tex. 250, 98 S.W. 380, 385 (1906); *United States v. Ray Thomas Gravel Co.*, 380 S.W.2d 576, 581 (Tex.1964); *Heggy v. Am. Trading Employee Retirement Account Plan*, 110 S.W.3d 692, 702 (Tex.App.-Houston [14th Dist.] 2003, no writ); *Salazar v. San Benito Bank & Trust Co.*, 730 S.W.2d 21, 24 (Tex.App.-Corpus Christi 1987, no writ). Further, because the ultimate burden as between the rival claimants should fall on the party whose unsuccessful claim rendered the interpleader necessary, the law in Texas has developed to allow an innocent stakeholder's attorney's fees to be taxed as costs against the unsuccessful claimant. *Beneficial Standard Life Ins. Co. v. Trinity Nat'l Bank*, 763 S.W.2d 52, 56 (Tex.App.-Dallas 1988, writ denied); *Givens v. Girard Life Ins. Co. of Am.*, 480 S.W.2d 421, 424 (Tex.Civ.App.-Dallas 1972, writ ref'd n.r.e.) (op. on reh'g); *Daniels v. Pecan Valley Ranch, Inc.*, 831 S.W.2d 372, 386 (Tex.App.-San Antonio 1992, writ denied); *Foreman v. Graham*, 693 S.W.2d 774, 778 (Tex.App.-Fort Worth 1985, writ ref'd n.r.e.); *Bentley v. Grewing*, 613 S.W.2d 49, 52 (Tex.Civ.App.-Fort Worth 1981, writ ref'd n.r.e.); *Gillman v. Gillman*, 313 S.W.2d 931, 942–43 (Tex.Civ. App.-Amarillo 1958, writ ref'd n.r.e.). It follows that the trial court may properly order the innocent stakeholder to immediately recover its attorney's fees from the interpleaded funds, and then allow the successful claimant to recoup those costs from

the unsuccessful claimant who made the interpleader necessary. *See Monarch Tile Sales v. Frost Nat'l Bank of San Antonio,* 496 S.W.2d 254, 255 (Tex.Civ.App.-San Antonio 1973, no writ) (affirming trial court's order awarding "a reasonable attorney's fee of $500 to be paid out of the deposited funds, but to be taxed as costs").

■ Such an order does not, as Mathis suggests, violate the "one satisfaction rule." The "one satisfaction rule" provides that a plaintiff is entitled to only one recovery for any damages suffered because of a particular injury. *Utts v. Short,* 81 S.W.3d 822, 833 (Tex.2002). Here, the trial court did not award a double recovery of the fees. Rather, the trial court allowed United Investors to recover its attorney's fees from the interpleaded funds, and then allowed the successful claimants, the Williams, who were determined to be entitled to the interpleaded funds, to recover their cost from the unsuccessful claimant, Mathis. The trial court did not allow the innocent stakeholder, United Investors, to recover damages from multiple parties for the same injury. We conclude the trial court did not abuse its discretion by awarding attorney's fees to United Investors from the interpleaded funds and then assessing that amount to be recovered from Mathis by the Williams as "costs." We overrule Mathis's issues.

Accordingly, we affirm the trial court's judgment.